RICHARD B. GOETZ (S.B. #115666)
rgoetz@omm.com
ABBY SCHWARTZ (S.B. #250244)
aschwartz@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

TANCRED V. SCHIAVONI (*pro hac vice*)
tschiavoni@omm.com
GARY SVIRSKY (*pro hac vice*)
gsvirsky@omm.com
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, NY 10036
Telephone: (212) 326-2000

ALAN S. BERMAN (S.B. #121954)
BERMAN & AIWASIAN
725 South Figueroa Street, Suite 1050
Los Angeles, California 90017
Telephone: (213) 833-3200

*Attorneys for Motor Vehicle Casualty Company, Central National Insurance Company of Omaha, and Century Indemnity Company, successor to Cigna Specialty Insurance Company f/k/a California Union Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>THORPE INSULATION CO.,[1]<br><br>Debtor. | Case No. 2:07-19271-BB<br><br>Chapter 11 (Jointly Administered with Case No. 2:07-20016-BB)<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL CLAIMANTS' ATTORNEYS TO SUBMIT THE DISCLOSURES REQUIRED BY FEDERAL RULE OF BANKRUPTCY PROCEDURE 2019**<br><br>Date: August 13, 2008<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>255 East Temple Street, Courtroom 1475<br>Los Angeles, CA<br>Judge: Honorable Sheri Bluebond |

[1] The Debtors are Thorpe Insulation Company, a California corporation, 5608 Bayshore Walk, Long Beach, CA 90803, Fed. Tax I.D. No. 95-1559386 (Main Debtor), and Pacific Insulation Company, a California corporation, 2741 South Yates Ave., Los Angeles, CA 90040, Fed. Tax I.D. No. 95-4812741.

## PRELIMINARY STATEMENT

In their opposition to the Insurers' Rule 2019 Motion, the Claimants' Counsel and the Committee that represents them ***admit***, as they must, that Rule 2019's disclosure requirements are "mandatory."[2] Yet the Claimants' Counsel—who, together with the Fults family, conceived this bankruptcy—refuse to comply with their Rule 2019 obligations because the Insurers have supposedly not adduced any "proof" that Claimants' Counsel other than Kazan, McClain, Abrams, Lyons & Greenwood, PLC ("Kazan McClain"), which filed a Rule 2019 statement, have multiple clients.[3] Remarkably, the Committee's own brief and other court filings, as well as Thorpe's court filings, contradict that statement.

The Claimants' Counsel also contend that it would be "premature" to force attorneys who have not "appeared" in these bankruptcy cases to comply with Rule 2019 at this time.[4] Even if Rule 2019 had some sort of attorney "appearance" precondition—which it does not—that would not change anything here because the Claimants' Counsel have undeniably been active in this bankruptcy in everything from selecting which lawyers Thorpe would hire, to how much those lawyers would get paid, to serving as Committee Co-Chairs, to determining what positions the Committee would take on behalf of asbestos claimants. The notion that Claimants' Counsels' Rule 2019 disclosure obligations have not been triggered because those lawyers are somehow not yet sufficient participants in these bankruptcy cases does not stand up to even the most cursory scrutiny.[5]

This Court should order the Claimants' Counsel to comply with their mandatory obligations under Rule 2019(a) to ensure that the reorganization plan is arrived at openly, deals fairly with creditors, and is consistent with case law. Alternatively, the Court should bar attorneys who fail to comply with Rule 2019 from participating in the bankruptcy.

---

[2] Committee's Brief in Opposition to Insurers' Rule 2019 Motion (Dkt. No. 1216, the "Committee's Brief") at 4.
[3] *Id.* at 3.
[4] *Id.* at 4.
[5] The Insurers incorporate herein the moving brief (Dkt. 1142).

## POINT I

### THE CLAIMANTS' COUNSEL WHO OPPOSE FILING RULE 2019 STATEMENTS ADMIT THAT THEY REPRESENT MULTIPLE CREDITORS.

The Claimants' Counsel contend that because the Insurers have offered no "proof" that any claimant lawyers other than Kazan McClain have multiple clients, no one else needs to make 2019 disclosures. But the Claimants' Counsel do not—and cannot—deny that they represent "more than one creditor." *See* Fed. R. Bankr. P. 2019(a). Just the opposite, ***their own brief admits*** that the Brayton & Purcell and Paul & Hanley firms each represent two separate individuals who serve on the Committee.[6] Obviously, then, those firms represent multiple claimants. The Insurers ask the Court to take judicial notice of that admitted fact.

Just as importantly, the Claimants' Counsel confirm that at the start of the bankruptcy cases, Thorpe filed a schedule listing claimant firms that have "represented more than one asbestos claimant in connection with pre-petition litigation, claims, settlements and/or judgments against Thorpe."[7] Those pre-petition litigation claims are the only reason that the claimants allege they are creditors in this bankruptcy. So the assertion that Claimants' Counsel should not have to comply with Rule 2019 because there is no proof that they represent multiple creditors is simply false. And the Claimants' Counsel have admitted as much.

Because Rule 2019 is mandatory, the Insurers need not prove that any claimant lawyer represents more than one creditor, a proposition for which Thorpe cites no authority. Given Thorpe's admissions, and the undisputed record, there should be no question about compliance now. This should not be a game of cat-and-mouse, especially since, as the Claimants' Counsel acknowledge, Rule 2019 is mandatory. The Court and other parties should not have to chase after the Claimants' Counsel to ensure that they make disclosures that the Bankruptcy Rules mandate.

---

[6] Committee's Brief at 2.

[7] *Id.* at 3; Dkt. No. 198, Schedule F, filed on November 28, 2007.

## POINT II

### THERE CAN BE NO SERIOUS DISPUTE THAT THE CLAIMANTS' COUNSEL HAVE BEEN ACTIVE IN THESE BANKRUPTCY CASES.

The Claimants' Counsel also argue that they do not need to file Rule 2019 statements because they have not made enough of an "appearance" in these bankruptcy cases to trigger compliance obligations. Compliance now would supposedly be "premature."[8] But the Claimants' Counsel are wrong as a matter of both law and fact.

Rule 2019 does not contain any "time frame" requirement.[9] On the contrary, in *Oklahoma*, which the Claimants' Counsel cite, the court interpreted Rule 2019's scope to be "on its face . . . extremely broad." *In re Oklahoma P.A.C. First Ltd. P'ship*, 122 B.R. 387, 390 (Bankr. D. Ariz. 1990). The *Oklahoma* court went on to hold that "[i]t is part of the Chapter 11 reorganization process that ***all matters should be done openly and subject to scrutiny***, whether it is the proposal of a plan of reorganization, representation of the debtor, or representation of numerous creditors—secured or unsecured." *Id.* at 392-393 (emphasis added). The objective of Rule 2019 disclosures, as Justice William Douglas observed seventy years ago, is to ensure that "the inside group" does not manipulate a committee to "secure a dominant position in the reorganization" and capture "the emoluments of control." Douglas Report at 876-77.[10]

It is also instructive that in one of the most detailed published Rule 2019 decisions, in a case involving many of same issues present here, a district court upheld a bankruptcy court's order requiring compliance with Rule 2019 for voting by master ballot. *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee*, 321 B.R. 147 (D.N.J. 2005); *In re Congoleum*, Case No. 03-51524 (KCF) (Bankr. D.N.J. Dec. 30, 2004) (Order regarding Rule 2019, Dkt. No. 1801). In short, there is no legal support whatsoever for the Claimants' Counsel's contention that it is too soon to order Rule 2019 compliance now.

---

[8] Committee's Brief at 4.

[9] *Id.* at 4.

[10] *See Report on the Study and Investigation of the Work, Activities, Personnel and Functions of Protective and Reorganization Committees: Part I: Strategy and Techniques of Protective and Reorganization Committees* (1937) ("Douglas Report").

As a factual matter, there can be no dispute that the Claimants' Counsel have been active in this bankruptcy in numerous ways. First, the Claimants' Counsel—through the Committee—have appeared at all court conferences and hearings and filed pleadings on more than one occasion.[11] And Alan Brayton and David McClain are Committee Co-Chairs.[12] Second, Thorpe has stated many times that it vetted with Claimants' Counsel its choice of lawyers and how much those lawyers would get paid.[13] Third, Brayton & Purcell, which is the Committee Co-Chair (together with Kazan McClain), has actually filed a notice of appearance and declarations in support of various fee applications.[14] Moreover, Thorpe is a defendant in 3,730 claims brought by Brayton & Purcell.[15]

Even leaving all that aside, documents have recently come to light showing that the Claimants' Counsel started negotiating Thorpe's bankruptcy in 2004-05.[16] Indeed, Brayton & Purcell and Kazan McClain admit that in 2004 they were involved in discussions with Thorpe concerning a plan of reorganization—whether as members of a pre-petition committee or as organized in some other fashion.[17] That pre-petition conduct surely does not fall within Rule 2019's exception for Section 1102 committees, which Claimants' Counsel cite. Indeed, recognizing that "the emoluments of control are the stakes of reorganization," the Douglas Report cautioned that unchecked pre-petition work had the capacity to taint the reorganization process through the allowance of "large fees for attorneys," "immediate patronage," and "control over the

---

[11] *See* Dkt. No. 38 (Notice of Appointment of Creditors' Committee).

[12] *See* Dkt. No. 764, Ex. 1 (Alan Brayton's declaration stating at ¶3 that he is a "representative member, and co-chair, of the Official Committee of Unsecured Creditors of Thorpe and Pacific," Kazan McClain's David McClain is the other co-chair, and Paul & Hanley's Jerry Paul is a representative member); Dkt. No. 764, Ex. 3 (David McClain's declaration stating the same at ¶3); Dkt. No. 764, Ex. 3 (Jerry Paul's declaration stating the same at ¶4).

[13] *See* Debtor's Opposition to Motion to Stay Bankruptcy (Dkt. No. 1128) at 16, 25-6.

[14] *See* Dkt. No. 72 (Brayton & Purcell notice of appearance); Dkt. No. 764, Ex. 1 (Alan Brayton's declaration); *see also* Dkt. Nos. 1234 and 1235 (Brayton & Purcell declarations in support of Caplin & Drysdale and Heller Ehrman fee applications).

[15] *See* Dkt. No. 764, Ex. 1 (Alan Brayton's declaration at ¶3).

[16] *See* Timothy Caballero's July 9, 2008 Declaration (Dkt. 1147), Ex. 17 (documents related to Thorpe's contemplated pre-packaged bankruptcy).

[17] *See* Dkt. No. 764, Ex. 1 (Alan Brayton's declaration at ¶10); Dkt. No. 764, Ex. 3 (David McClain's declaration at ¶15).

strategy and procedure of reorganization." Douglas Report at 863, 865, 866, 873. Moreover, that exception on its face encompasses committee members only, rather than the committee itself.[18]

Immediate compliance with Rule 2019 is especially important here considering the Claimants' Counsel's admitted pre-petition work, because "the particular issues of professional responsibility which . . . Rule 2019 . . . seeks to address are inextricably intertwined with the overall fairness of the Plan." *Baron & Budd*, 321 B.R. at 165.

## POINT III

### KAZAN MCCLAIN'S RULE 2019 DISCLOSURES ARE INADEQUATE.

In response to this Motion, Kazan McClain filed a purported Rule 2019 statement. That statement is inadequate because, while it lists Kazan McClain's claimant-clients (with the alleged type of bodily harm), it does not contain any document reflecting ***actual*** power of attorney authorizations or descriptions of any fee-splitting or fee-sharing arrangements. *See* Fed. R. Bankr. P. 2019(a) (requiring "recital of the pertinent facts and circumstances in connection with the employment of the entity"); *Baron & Budd*, 321 B.R. at 163 (citing the Third Circuit's *Combustion Engineering* decision, which "stresses the importance of good faith in the context of Chapter 11 reorganizations," the district court held that fee sharing and referral relationships have the potential to affect the priority of creditors in the bankruptcy, which relationships can have a serious impact upon the handling of the estate); *see also In re Combustion Engineering*, 391 F.3d 190, 246-47 (3d Cir. 2004). Rather, Kazan McClain submitted "blank, but unredacted, exemplar copies of such documents."[19] This Court should order Kazan McClain to file actual power of attorney documents and descriptions of any fee-splitting or fee-sharing arrangements. If necessary, Kazan McClain can redact any privileged information and enter it on an appropriate log.

---

[18] Committee's Brief at 3.

[19] Exhibits B and C to David McClain's sworn statement submitted in connection with Kazan McClain's 2019 filing. Dkt. No. 1212.

Additionally, there seems to be a discrepancy between, on the one hand, the twenty-seven claimants Kazan McClain lists on its Rule 2019 disclosure and, on the other hand, name-partner David McClain's April 18, 2008 declaration, which states that his firm has opened "279 cases . . . related to Thorpe."[20] Kazan McClain should explain why the other 252 claims are not on its Rule 2019 statement. If those cases have settled or otherwise been resolved, then the firm can easily say so.

**CONCLUSION**

The Claimants' Counsels' opposition to making mandatory disclosures—as to which they claim no burden—is an additional reason for the Court to be vigilant and to order compliance with Rule 2019. While there is nothing to be gained by not enforcing the Rule, a great deal is to be risked because Rule 2019 "is designed to foster the goal of reorganization plans which deal fairly with creditors and which are arrived at openly." *In re The Muralo Company Inc.*, 295 B.R. 512, 524 & n.10 (Bankr. D.N.J. 2003); *In re CF Holdings Corp.*, 145 B.R. 124, 126 (Bankr. D. Conn. 1992) (The "purpose of Rule 2019 is to further the Bankruptcy Code's goal of complete disclosure during the business reorganization process" and to ensure that "entities which, during the bankruptcy case, act in a fiduciary capacity to those they represent," are subject to the "control of the court.").[21]

* * *

For all of the above reasons, and those set forth in the Insurers' opening brief, this Court should order Claimants' Counsel to comply with their mandatory obligations under Rule 2019 to ensure that the reorganization plan is arrived at openly, deals fairly with creditors, and is consistent with case law. Alternatively, the Court should bar attorneys who fail to comply with Rule 2019 from participating in the bankruptcy, including casting ballots, representing members of the Committee, or serving as Committee Co-Chairs.

---

[20] Dkt. No. 764, Ex. 3 (David McClain's declaration at ¶3).

[21] Rule 2019 is the Bankruptcy Code's mechanism for keeping tabs on multiple representation of creditors and equity security holders and is the only current, specific means of keeping a check on creditors' attorneys' conflicts. *See* Nancy B. Rapoport, *Turning and Turning in the Widening Gyre: The Problem of Potential Conflicts of Interest in Bankruptcy*, 26 Conn. L. Rev. 913, 939-40 (1994).

Dated: August 6, 2008

O'MELVENY & MYERS LLP

By: /s/ Abby Schwartz
RICHARD B. GOETZ
ABBY SCHWARTZ
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

TANCRED V. SCHIAVONI
GARY SVIRSKY
Times Square Tower, 7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

ALAN S. BERMAN
BERMAN & AIWASIAN
725 South Figueroa Street, Suite 1050
Los Angeles California 90017
Telephone: (213) 833-3200
Facsimile: (213) 833-3230

*Attorneys for Motor Vehicle Casualty Company, Central National Insurance Company of Omaha, and Century Indemnity Company, successor to Cigna Specialty Insurance Company f/k/a California Union Insurance Company*

SIMPSON THACHER & BARTLETT LLP

By: /s/ Deborah Stein
BARRY R. OSTRAGER
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

DEBORAH L. STEIN
ROBERT J. PFISTER
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

*Attorneys for Employers Reinsurance Corporation and Westport Insurance Company*

SEYFARTH SHAW LLP

By: /s/ David M. Wiseblood
DAVID M. WISEBLOOD
560 Mission Street
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8594

DAVID C. CHRISTIAN
131 S. Dearborn Street, Suite 2400
Chicago, IL 60603
Telephone: (312) 460-5883
Facsimile: (312) 460-7833

GRIPPO & ELDEN LLC
TODD C. JACOBS (*pro hac vice*)
111 South Wacker
Chicago, IL 60606
Telephone: (312) 704-7700

*Attorneys for National Fire Insurance Company of Hartford, as successor by merger to Transcontinental Insurance Company, and Continental Insurance Company, as successor to certain policies issued by Harbor Insurance Company*

CROWELL & MORING LLP
By: /s/ Steven P. Rice
Steven P. Rice (State Bar No. 94321)
Queena Hu (State Bar No. 238925)
3 Park Plaza, 20th Floor
Irvine, California 92614-8505
Telephone: (949) 263-8400
Facsimile: (949) 263-8414

Mark D. Plevin (State Bar No. 146278)
Cynthia Kendrick (admitted *pro hac vice*)
Leslie A. Davis (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116

*Attorneys for Chicago Insurance Company and Fireman's Fund Insurance Company*

ADELMAN & GETTLEMAN, LTD

By: /s/ Brad A. Berish
BRAD A. BERISH (*pro hac vice*)
bberish@ag-ltd.com
NATHAN Q. RUGG (*pro hac vice*)
nrugg@ag-ltd.com
53 W. Jackson Blvd, Suite 1050
Chicago, Illinois 60604
Telephone: (312) 435-1050
Facsimile: (312) 435-1059

TRESSLER, SODERSTROM, MALONEY & PRIESS, LLP
LINDA BONDI MORRISON (SBN 210264)
lmorrison@tsmp.com
KATHERINE K. LINER (SBN 143679)
kliner@tsmp.com
ADAM C. HACKETT (SBN 220679)
3070 Bristol Street, Suite 450
Costa Mesa, California 92626
Telephone: (714) 429-2900
Facsimile: (714) 429-2901

*Attorneys for Allstate Insurance Company, solely as successor-in-interest to Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company*