Jeremy V. Richards (CA Bar No. 102300)
James K.T. Hunter (CA Bar No. 73369)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910; Fax: 310/201-0760
Counsel to Thorpe Insulation Company,
Debtor and Debtor in Possession

John A Lapinski (CA Bar No. 71596)
Leslie R. Horowitz (CA Bar No. 97630)
Clark & Trevithick
800 Wilshire Blvd, Twelfth Floor
Los Angeles, California 90017
Telephone: 213/ 629 5700; Fax: 213/ 624-9441
Counsel to Pacific Insulation Company,
Debtor and Debtor in Possession

Peter J. Benvenutti (CA Bar No. 60566)
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415/875-5826; Fax: 415/963-6887
Counsel to Official Committees of Unsecured
Creditors

Peter Van N. Lockwood (DC Bar No. 086447)
Caplin & Drysdale, Chartered
1 Thomas Circle N.W.
Washington, D.C. 20005
Telephone: 202/862-5000; Fax: 202/429/3301
Counsel to Official Committees of Unsecured
Creditors

Gary S. Fergus (CA Bar No. 95318)
Fergus, A Law Office
595 Market Street, Suite 2430
San Francisco, CA 94105
Telephone: 415/537-9032; Fax: 415/537-9038
Counsel to Futures Representative

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:07-19271-BB (Chapter 11) |
| THORPE INSULATION COMPANY,[1] | (Jointly Administered with Case No. 2:07-20016-BB) |
| Debtor. | **NOTICE OF FILING BLACK-LINE PAGES OF CO-PROPONENTS' PROPOSED THIRD AMENDED JOINT PLAN OF REORGANIZATION OF THORPE INSULATION COMPANY AND PACIFIC INSULATION COMPANY** |
| | Confirmation Hearing:<br>Date: June 11, 2009<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>255 East Temple Street, Courtroom 1475<br>Los Angeles, California<br>Judge: Honorable Sheri Bluebond |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

---

[1] The Debtors are Thorpe Insulation Company, a California corporation, 5608 Bayshore Walk, Long Beach, CA 90803, Fed. Tax I.D. No. 95-1559386 (Main Debtor) and Pacific Insulation Company, a California corporation, 2741 South Yates Ave., Los Angeles, CA 90040, Fed. Tax I.D. No. 95-4812741.

84264-002\DOCS_LA:200470.1

**PLEASE TAKE NOTICE** that Thorpe Insulation Company, Pacific Insulation Company, the Official Committees of Unsecured Creditors appointed in these chapter 11 cases, and the appointed legal representative for the holders of future demands for payment on account of asbestos injuries (collectively, the "Co-Proponents") have, on April 13, 2009, filed their Third Amended Joint Plan of Reorganization of Thorpe Insulation Company and Pacific Insulation Company ("Third Amended Joint Plan"). Attached hereto as Exhibit "A" is a copy of the black-lined pages of the Third Amended Plan, which show the changes from the Second Amended Joint Plan of Reorganization of Thorpe Insulation Company and Pacific Insulation Company previously filed herein by the Co-Proponents.

Dated: Los Angeles, California  
April 13, 2009

Respectfully submitted,

**Pachulski Stang Ziehl & Jones LLP**

By: */s/ Jeremy V. Richards*  
Jeremy V. Richards  
Counsel to Thorpe Insulation Company

**Clark & Trevithick**

By: _Kimberly Winick by SEA_  
Kimberly Winick  
Counsel to Pacific Insulation Company

**Jones Day**

By: _Peter J. Benvenutti by SEA_  
Peter J. Benvenutti  
Counsel to Official Committees of  
Unsecured Creditors of Thorpe Insulation  
Company and Pacific Insulation Company

**Caplin & Drysdale, Chartered**

By: _Peter Van N. Lockwood by JSM_  
Peter Van N. Lockwood  
Counsel to Official Committees of  
Unsecured Creditors of Thorpe Insulation  
Company and Pacific Insulation Company

84264-002\DOCS_LA:200470.1

Fergus, A Law Office

By: _Gary S. Fergus by EM_
     Gary S. Fergus
     Counsel to Futures Representative

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT "A"

Jeremy V. Richards (CA Bar No. 102300)
Henry C. Kevane (CA Bar No. 125757)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760

Counsel to Thorpe Insulation Company, Debtor and Debtor in Possession, Proponent of the Plan

John A Lapinski (CA Bar No. 71596)
Leslie R. Horowitz (CA Bar No. 97630)
CLARK & TREVITHICK
800 Wilshire Blvd, Twelfth Floor
Los Angeles, California 90017
Telephone: (213) 629 5700
Facsimile: (213) 624-9441

Counsel to Pacific Insulation Company, Debtor and Debtor in Possession, Proponent of the Plan

Peter J. Benvenutti (CA Bar No. 60566)
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Counsel to Official Committees of Unsecured Creditors, Proponents of the Plan

Peter Van N. Lockwood (D.C. Bar No.086447)
Caplin & Drysdale, Chartered
1 Thomas Circle N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301

Counsel to Official Committees of Unsecured Creditors, Proponents of the Plan

Gary S. Fergus (CA Bar No. 95318)
Fergus, A Law Office
595 Market St., Suite 2430
San Francisco, California 94105
Telephone: (415) 537-9032
Facsimile: (415) 537-9038

Counsel to Futures Representative, Proponent of the Plan

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THORPE INSULATION COMPANY,[1]<br><br>Debtor. | Case No.: 2:07-19271-BB<br><br>Chapter 11<br><br>(Jointly Administered with Case No. 2:07-20016-BB)<br><br>**~~SECOND~~THIRD AMENDED JOINT PLAN OF REORGANIZATION OF THORPE INSULATION COMPANY AND PACIFIC INSULATION COMPANY**<br><br>Dated: ~~February __,~~April 13, 2009 |

[1] The Debtors are Thorpe Insulation Company, a California corporation, 5608 Bayshore Walk, Long Beach, CA 90803, Fed. Tax ID No. 95-1559386 (Main Debtor) and Pacific Insulation Company, a California corporation, 2741 South Yates Ave., Los Angeles, CA 90040, Fed. Tax ID No. 95-4812741.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

unpaid and outstanding, be retained by the Trust and offset against amounts due to the Trust by the Reorganized Debtor under the Reorganized Debtor Promissory Note (as such offset may be effectuated pursuant to the terms specified in the Reorganized Debtor Promissory Note).

### 5.1.5    Implementation of Business Loss Allocation.

On the Effective Date, and from time to time thereafter as it receives Net Recoveries, the Trust shall promptly pay the Business Loss Allocation to the Reorganized Debtor (subject to the offset provisions under Section 5.1.4 of the Plan). All other amounts attributable to Business Losses sustained by the Debtors in excess of the Business Loss Allocation shall be deemed contributed by the Debtors to the Trust.

### 5.1.6    Prosecution of Actions.

In the event that an Asbestos Claimant elects, consistent with the TDP and as otherwise permitted by the Injunctions, to commence an action with respect to an Asbestos Related Claim (in order to obtain the benefit of Asbestos Insurance Coverage or to establish the amount of an Asbestos Related Claim), any complaint commencing such an action shall name as a defendant, in lieu of the Debtor(s) allegedly liable for such Claim, the Reorganized Debtor, provided, however, that, consistent with the Injunctions, no party may identify the Reorganized Debtor using the terms "Thorpe Insulation" or "Pacific Insulation" or any variation thereof in the caption of any pleading or other filing in connection with the action commenced by such complaint and shall only identify the Reorganized Debtor in such caption as "RTI Company" or such other trade name for the Reorganized Debtor as may be specified in the Confirmation Order. Such action shall be deemed by operation of law to be an action against the Debtor(s) allegedly liable for the alleged Asbestos Related Claim (except that any judgment that may be obtained in such action may not be enforced against the assets of the Reorganized Debtor or the Trust). Subject to the Injunctions, nothing in this Section 5.1.6 is intended to bar any cause of action, or right to bring a cause of action, held by any Asbestos Claimant directly against any Asbestos Insurer in the event that an Asbestos Claimant obtains a judgment in any action permitted under this Section 5.1.6, provided, however, that to the extent such Asbestos Claimant seeks to initiate Asbestos Insurance Litigation in order to collect such a judgment against a Non-Settling Asbestos Insurer, the right of such Asbestos Claimant to recover

PACHULSKI
STANG
ZIEHL
&
JONES
LLP
ATTORNEYS
AT
LAW
LOS
ANGELES,
CA
LIFORNIA

from such a Non-Settling Asbestos Insurer shall be subject to the following limitations: if the Non-Settling Asbestos Insurer asserts that it has an Asbestos Insurance Policy Claim against a Settling Asbestos Insurer, with respect to such Asbestos Claimant's Asbestos Related Claim (a) such Asbestos Insurance Policy Claim may be asserted as a defense or counterclaim against such Asbestos Claimant in such Asbestos Insurance Litigation and the Asbestos Claimant may assert the legal or equitable rights, if any, of the Settling Asbestos Insurer in response thereto, and (b) to the extent such Asbestos Insurance Policy Claim is determined to be valid by the court presiding over the Asbestos Insurance Litigation initiated by such Asbestos Claimant, the liability (if any) of such Non-Settling Asbestos Insurer to the Asbestos Claimant shall be reduced dollar for dollar by the amount so determined of such Asbestos Insurance Policy Claim. Further, the provisions of this Section 5.1.6 shall not apply to actions against the Trust pursuant to section 7.3 of the TDP.

**5.2     Issuance of Injunctions.**

On the Effective Date, the Injunctions shall be deemed issued, entered, valid and enforceable according to their terms. The Injunctions shall be permanent and irrevocable and may only be modified by the District Court to the extent permitted under Section 524(g)(2)(A) of the Bankruptcy Code.

**5.3     Management and Operation of the Trust.**

**5.3.1     Trust Representatives.**

The initial trustees of the Trust shall be selected and disclosed (in a notice filed with the Bankruptcy Court) by the Committee and the Futures Representative on or before the thirtieth (30th) day prior to the commencement of the Confirmation Hearing. If the Committee and the Futures Representative cannot agree on the initial trustees of the Trust, the Bankruptcy Court shall appoint the initial trustees of the Trust from among the individuals nominated by the Committee and the Futures Representative. Any successor trustees shall be appointed in accordance with the terms of the Trust Agreement. For purposes of performing their duties and fulfilling their obligations under the Trust Agreement and the Plan, any trustee of the Trust shall be deemed to be a "party in interest" within the meaning of Section 1109(b) of the Bankruptcy Code.

PACHULSKI
STANG
ZIEHL
&
JONES
LLP
ATTORNEYS
AT
LAW
LOS
ANGELES,
CALIFORNIA

1

2    Dated:    Los Angeles, California      Respectfully submitted,
              ~~February 9,~~ April 13, 2009

3                                           **Thorpe Insulation Company**

4                                           By:    */s/Robert W. Fults*

5                                                 Robert W. Fults
                                                President

6                                           **Pacific Insulation Company**

7

8                                           By:    */s/Robert W. Fults*
                                                Robert W. Fults

9                                                 President

10                                           **Official Committees of Unsecured Creditors**

11

12                                           By:    */s/Alan Brayton*
                                                Alan Brayton

13                                                 Co-Chair of Official Committees of
                                                Unsecured Creditors

14                                           **Future Claims Representative**

15

16                                           By:    */s/Charles B. Renfrew*
                                                Honorable Charles B. Renfrew (Ret.)

17                                                 Future Claims Representative

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT C

## ASBESTOS INSURER INJUNCTION

Pursuant to Section 105(a) of the Bankruptcy Code, in order to carry out the provisions of Section 524(g) of the Bankruptcy Code, upon the Effective Date, all entities (except as expressly allowed below), which have held or asserted, which hold or assert, or which may in the future hold or assert any Asbestos Related Claim shall be, and hereby are, permanently stayed, restrained and enjoined from taking any legal action for the purpose of directly or indirectly collecting, recovering or receiving payment or recovery with respect to any such claim from or against any Asbestos Insurer, including, but not limited to:

(a) commencing, conducting or continuing in any manner any action or other proceeding of any kind (including a judicial arbitration or other proceeding) against any Asbestos Insurer, or against the property of any Asbestos Insurer, with respect to any Asbestos Related Claim;

(b) enforcing, attaching, levying, collecting or recovering, by any manner or means, any judgment, award, decree, or other order against any Asbestos Insurer, or against the property of any Asbestos Insurer, with respect to any Asbestos Related Claim;

(c) creating, perfecting, or enforcing in any manner any Lien of any kind against any Asbestos Insurer, or against the property of any Asbestos Insurer, with respect to any Asbestos Related Claim;

(d) asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind, directly or indirectly. against any obligation due any Asbestos Insurer, or against the property of any Asbestos Insurer, with respect to any Asbestos Related Claim; and

(e) taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan relating to any Asbestos Related Claim.

The provisions of this Asbestos Insurer Injunction shall not preclude the Trust from pursuing any claim that may exist under any Asbestos Insurance Policy against any Asbestos Insurer. The provisions of this Asbestos Insurer Injunction shall not impair or affect (i) any

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Asbestos Insurance Litigation brought by the Trust or the Reorganized Debtor against any Asbestos Insurer, or (ii) any Asbestos Insurance Rights held by the Trust or on behalf of the Reorganized Debtor.  Except for the immediately following two sentences, the provisions of this Asbestos Insurer Injunction are not issued for the benefit of any Asbestos Insurer and no such insurer is a third-party beneficiary of this Asbestos Insurer Injunction.  The Trust shall have the sole and exclusive authority at any time, upon written notice to any affected Asbestos Insurer, to terminate, or reduce or limit the scope of this Asbestos Insurer Injunction with respect to any Asbestos Insurer, _provided_, _however_, that the Trust may not permit the assertion of any Asbestos Related Claim by an Asbestos Claimant against a Non-Settling Asbestos Insurer unless and until such Asbestos Claimant agrees in writing to be bound by the proviso in the next-to-last sentence of Section 5.1.6 of the Plan, and provided further that, in the event an Asbestos Related Claim results in a claim based on contribution, subrogation or indemnity in favor of a Non-Settling Asbestos Insurer against a Settling Asbestos Insurer to share in the costs of resolving or satisfying such an Asbestos Related claim (including, without limitation, attorneys' fees and expenses incurred in defense of such Asbestos Related Claim) (a "Contribution Claim") that such Non-Settling Asbestos Insurer is unable to fully satisfy by the judgment reduction provided by Section 5.1.6 of the Plan, such Non-settling Asbestos Insurer may bring an action to recover the unsatisfied portion of such Contribution Claim against the Trust in any non-bankruptcy forum of competent jurisdiction notwithstanding any of the injunctions contained in the Plan, and the Trust shall be obligated to pay the full unsatisfied amount of any such Contribution Claim to the extent determined to be valid by such non-bankruptcy forum (including any appeals therefrom),.  For the avoidance of doubt, the provisions of this Asbestos Insurer Injunction shall not impair or affect any Claims between or among Non-Settling Asbestos Insurers.  Notwithstanding any provision of the Third Amended Plan to the contrary, including the Asbestos Insurer Injunction set forth in this Exhibit C, no new equitable contribution rights are created in favor of the Non-Settling Asbestos Insurers but instead the two preceding sentences allocate who is responsible, if anybody, for such equitable contribution claims that can be established by Non-Settling Asbestos Insurers

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

**against Settling Asbestos Insurers pursuant to existing law.**

1

2

3

# EXHIBIT D

## SETTLING ASBESTOS INSURERS

(2)    **GAIC/Republic**, as defined, and to the extent of the releases provided, in the *Settlement Agreement, Buy Back of Policies, Release of Claims and Covenant Not to Sue Between Thorpe Insulation Company, et al. and Great American Insurance Company and Republic Indemnity Company of America*, dated as of September 5, 2007, approved by the Bankruptcy Court on March 12, 2008, if such agreement is not terminated and rendered null and void pursuant to its terms.

(3)    **American Centennial Insurance Company**, as defined in the *Commutation Agreement and Buy Back of Policies Between Thorpe Insulation Company, et al. and American Centennial Insurance Company*, dated October __, 2007, approved by the Bankruptcy Court on March 12, 2008, if such agreement is not terminated and rendered null and void pursuant to its terms.

(4)    **Pacific Indemnity Company**, as defined in the *Final Settlement Agreement and Mutual Releases by and Between Thorpe Insulation Company and Pacific Indemnity Company*, dated August 11, 2006, approved by the Bankruptcy Court on March 12, 2008.

(5)    **Associated International Insurance Company**, as defined in the *Settlement Agreement by and Between Thorpe Insulation Company and Associated International Insurance Company*, dated August 13, 2007, solely to the extent that any claims under the insurance policy referred to therein fall within the products and completed operations hazard coverage afforded by such policy.

(6)    **General Insurance Company of America**, as defined in the *Settlement Agreement, Buy Back of Insurance Policies and Rights, Release of Claims and Covenant Not to Sue Between Thorpe Insulation Company, Pacific Insulation Company, Farwest Insulation Contracting, Bayshore Partners, LLC, the Fults Family and General Insurance Company of America*, dated August 12, 2008, approved by the Bankruptcy Court on November 25, 2008.

**Associated Companies**, as defined in the *Settlement Agreement, Buy Back of Insurance Policies and Rights, Full and Mutual Releases of Claims and Covenant Not to Sue Among Thorpe Insulation Company, Pacific Insulation Company, Farwest Insulation Contracting, Bayshore Partners, LLC, the Fults Family and Associated International Insurance Company*, dated February __, 2009, approved by the Bankruptcy Court on April 2, 2009 ("Associated Post-Petition Settlement Agreement"); provided that, the Associated Companies shall *not* be designated as a Settling Asbestos Insurer under the Plan if (a) the Settlement Effective Date (as defined in the Associated Post-Petition Settlement Agreement) has not occurred, or (b) Thorpe shall not have received the Payment (as defined in the Associated Post-Petition Settlement Agreement) on or before the 30th day following the provision of a notice to Associated (as defined in the Associated Post-Petition Settlement Agreement) that such payment was due and was not timely made; provided further that, the termination of such designation shall not affect the designation of Associated International Insurance Company above as a Settling Asbestos Insurer to the extent designated above.

**AIG Companies**, as defined in the *Settlement Agreement, Buy Back of Insurance Policies and Rights, Release of Claims and Covenant Not to Sue Between Thorpe Insulation Company, Pacific Insulation Company, Farwest Insulation Contracting, Bayshore Partners, LLC, the Fults Family and National Union Fire Insurance Company of Pittsburgh, PA and Granite State Insurance Company*, dated January __, 2009, approved by the Bankruptcy Court on April 2, 2009 ("AIG Settlement Agreement"); provided that, the AIG Companies shall not continue to be designated as a

PACHULSKI
STANG
ZIEHL
& JONES
LLP
ATTORNEYS
AT LAW
LOS
ANGELES,
CALIFORNIA

1   Settling Asbestos Insurer under the Plan if (a) the Settlement Effective Date (as defined in the AIG

2   Settlement Agreement) does not occur, or (b) Thorpe shall not have received each of the settlement

3   payments referenced in Section 2 of the AIG Settlement Agreement on or before the 30th day

    following the provision of a notice to the Insurer Parties (as defined in the AIG Settlement

4   Agreement) that such payments were due and were not timely made.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5.3(d)  Adjustment for Inflation.**  All payments made to holders of Trust Claims shall be adjusted for inflation annually beginning with the first calendar year after the Effective Date.

**5.3(e)  Post-Petition Interest**  No interest shall be paid on any post-petition Trust Claims.

**5.4     Resolution of Pre-Petition Trust Claims.**  As soon as practicable after the Effective Date, the Trust shall pay all Trust Claims that were liquidated by (i) a settlement agreement entered into prior to the Petition Date for the particular claim, or (ii) a judgment of any kind entered on or before October 15, 20022007 (collectively, "Pre-Petition Liquidated Claims"). Notwithstanding the foregoing, these payments shall be subject to the limitations set forth below in this section.  The liquidated value of a Pre-Petition Liquidated Claim shall be the amount agreed to in the binding settlement agreement, or the amount of the judgment, as the case may be, plus interest, if any, that has accrued on that amount in accordance with the terms of the agreement, if any, or under applicable state law as of the Petition Date; however, pursuant to Section 7.2 below, the liquidated value of a Pre-Petition Liquidated Claim shall not include any punitive or exemplary damages.

Pre-Petition Liquidated Claims shall be processed and paid within 90 days of the Effective Date, if feasible, or as soon thereafter as is possible.  The amounts payable with respect to such claims shall not be subject to or taken into account in consideration of the Maximum Annual Payment or the Disease Category Claims Payment Ratio, but shall be subject to the Funds Received Ratio provisions set forth in Section 4.2 above.

**5.5     Hardship Claims.**  At any time the Trust may liquidate and pay certain Trust Claims that qualify as Hardship Claims.  Such claims may be considered separately no matter what the order of processing otherwise would have been under this TDP.  A Hardship Claim, following its liquidation, shall be placed at the head of the FIFO Liquidation Queue for purposes of payment,

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California  90067**

The foregoing document described ***NOTICE OF FILING BLACK-LINE PAGES OF CO-PROPONENTS' PROPOSED THIRD AMENDED JOINT PLAN OF REORGANIZATION OF THORPE INSULATION COMPANY AND PACIFIC INSULATION COMPANY*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 13, 2009** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

                       ☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

                       ☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 13, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Sheri Bluebond
United States Bankruptcy Judge
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1482
Los Angeles, CA 90012

                       ☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 13, 2009 | Myra Kulick | */s/ Myra Kulick* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                      **F 9013-3.1**

**2:07-bk-19271-BB Notice will be electronically mailed to:**

Lawrence Bass on behalf of Creditor Johns Manville
lawrence.bass@hro.com, kris.lundstrom@hro.com

Peter Benvenutti on behalf of Creditor Committee Caplin & Drysdale
pjbenvenutti@jonesday.com, bstone@jonesday.com;gmoody@jonesday.com;pvnl@capdale.com

Peter Benvenutti on behalf of Creditor Committee Heller Ehrman LLP
peter.benvenutti@hellerehrman.com, bstone@jonesday.com;gmoody@jonesday.com;pvnl@capdale.com

Steven H Bergman on behalf of Creditor Central National Insurance Company of Omaha
sbergman@omm.com

Brad Berish on behalf of Defendant Allstate Insurance Company, solely as successor-in-interest to Northbrook
Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company
bberish@ag-ltd.com

Christopher Celentino on behalf of Creditor Transport Insurance Co
ccelentino@duanemorris.com

Louis J Cisz on behalf of Creditor Maine Bonding Insurance Co.
lcisz@nixonpeabody.com

Jeffrey V Commisso on behalf of Creditor Owens-Illinois, Inc.
jcommisso@schiffhardin.com

Michaeline H Correa on behalf of Creditor Committee Heller Ehrman LLP
mcorrea@jonesday.com

Leslie Epley Davis on behalf of Creditor CHICAGO INSURANCE COMPANY
ldavis@crowell.com

Richard W Esterkin on behalf of Debtor Thorpe Insulation Company
resterkin@morganlewis.com

Gary S Fergus on behalf of Interested Party Courtesy NEF
gfergus@ferguslegal.com

David Guess on behalf of Debtor Thorpe Insulation Company
dguess@ktbslaw.com

Taline M Gulesserian on behalf of Creditor Argonaut Insurance Company
gulesserian@litchfieldcavo.com

Adam C Hackett on behalf of Defendant Allstate Insurance Company, solely as successor-in-interest to

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                           **F 9013-3.1**

Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company
ahackett@tsmp.com

Geoffrey A Heaton on behalf of Creditor Transport Insurance Company
gheaton@duanemorris.com

Matthew Heyn on behalf of Debtor Thorpe Insulation Company
mheyn@ktbslaw.com

Harry D. Hochman on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
hhochman@pszjlaw.com, hhochman@pszjlaw.com

Leslie R Horowitz on behalf of Attorney John Lapinski
lhorowitz@clarktrev.com

James K T Hunter on behalf of Debtor Thorpe Insulation Company
jhunter@pszyjw.com

Stephen M Judson on behalf of Creditor BERRY & BERRY
sjudson@fablaw.com

Jeff D Kahane on behalf of Creditor American Centennial Insurance Company
jkahane@duanemorris.com

John A Lapinski on behalf of Accountant Moore Stephens Wurth Frazer & Torbert, LLP
jlapinski@clarktrev.com

Katherine Lien on behalf of Creditor Argonaut Insurance Company
katie.lien@sbcglobal.net, katielien@gmail.com

Craig G Margulies on behalf of Creditor Argo Group US
cmargulies@lm-lawyers.com

Scotta E McFarland on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

James S Monroe on behalf of Creditor Maine Bonding and Casualty Co
jmonroe@nixonpeabody.com

Linda Bondi Morrison on behalf of Defendant Allstate Insurance
lmorrison@tsmp.com

Aron M Oliner on behalf of Defendant Transport Insurance Company
roliner@duanemorris.com

Malhar S Pagay on behalf of Debtor Thorpe Insulation Company
mpagay@pszjlaw.com, mpagay@pszjlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                 **F 9013-3.1**

Lawrence Peitzman on behalf of Defendant Farwest Insulation Contracting
lpeitzman@pwkllp.com

Robert J Pfister on behalf of Creditor Employers Reinsurance Corp
rpfister@stblaw.com, llee@stblaw.com

Mark D Plevin on behalf of Creditor Associated International Insurance Company
mplevin@crowell.com

Richard F Rescho on behalf of Interested Party Christopher Grell
kjauyoung@yahoo.com

Jeremy V Richards on behalf of Debtor Thorpe Insulation Company
jrichards@pszjlaw.com, bdassa@pszjlaw.com

Karen Rinehart on behalf of Creditor Central National Insurance Company of Omaha
krinehart@omm.com

Nathan Q Rugg on behalf of Interested Party Allstate Insurance Company, solely as successor-in-interest to
Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company
nrugg@ag-ltd.com

Abby Schwartz on behalf of Creditor California Union Insurance Company
aschwartz@omm.com

Janet A Shapiro on behalf of Defendant General Insurance Company of America
shapirofirm@aol.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Phillip K Wang on behalf of Creditor Insurance Company of the State of Pennsylvania
pwang@gordonrees.com

Kimberly S Winick on behalf of Interested Party Pacific Insulation Company
kwinick@clarktrev.com

David M Wiseblood on behalf of Creditor Continental Insurance Company as successor in interest to certain
policies issued byHarbor Insurance Company and Transcontinental Insurance Company
dwiseblood@seyfarth.com

**and to the parties indicated on the attached service list**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                   **F 9013-3.1**

**United States Trustee**
Russell Clementson
Office of the United States Trustee
*Email*: *Russell.clementson@usdoj.gov*

**Debtor**
Robert Fults
Thorpe Insulation Company
*Email*: *rfults@pacificinsulation.com*

Special Litigation Counsel to Debtor
James L. Miller
Luther Kent Orton
*Email*: *jmiller@smollp.com*
    *lorton@smollp.com*

Special Insurance Counsel to Debtor
Charles J. Malaret
Richard Warren Esterkin
Michel Y. Horton
*Email*: *cmalaret@morganlewis.com*
*resterkin@morganlewis.com*
*mhorton@morganlewis.com*

Jeffrey S. Raskin
*Email*: *jraskin@morganlewis.com*

Attorneys for Pacific Insulation Company
(Debtor Affiliate)
John A. Lapinski, Esq.
Leslie R. Horowitz, Esq.
*Email*: *jlapinski@clarktrev.com*
    *lhorowitz@clarktrev.com*

Attorneys for Official Committee of
Unsecured Creditors
Peter J. Benvenutti, Esq.
Michaeline H. Correa, Esq.
Brett Stone, Paralegal
*Email*: pjbenvenutti@jonesday.com
    *mcorrea@jonesday.com*
    bstone@jonesday.com

Jeffrey Richmond
*Email*: *jeff.richmond@hellerehrman.com*

Peter Van N. Lockwood
*Email*: *pvnl@capdale.com*

**Committee of Creditors Holding**
**Unsecured Claims**

Charlton Clemmer
c/o Alan R. Brayton, Esq.
*Email*: *abrayton@braytonlaw.com*

Victor Medina, Sr.
c/o Alan R. Brayton, Esq.
*Email*: *abrayton@braytonlaw.com*

Susan Lee Snyder
c/o David McClain, Esq.
*Email*: *mailto:dmmcclain@kazanlaw.com*

John R. Miller
c/o David A. Rosen, Esq.
*Email*: *D.Rosen@RKMLaw.com*

Paul Krause
c/o Jerry Paul, Esq.
*Email*: *JPaul@PHHLaw.com*

Dan Kwelberg
c/o Jerry Paul, Esq.
*Email*: *JPaul@PHHLaw.com*

James M. Baker
Peter A. Kraus, Esq.
*Email*: *Kraus@WatersKraus.com*

Rachael Staniforth
*Email*: *SBaron@BaronBudd.com*

Tamara Merrill
c/o Ron C. Eddins, Esq.
***Email:*** *Reddins@seglaw.com*

Ron C. Eddins
***Email****: reddins@seglaw.com*

**Requests for Special Notice**

Attorneys for Continental Insurance
Company (as Successor to certain policies
issued by Harbor Insurance Company and
Transcontinental Insurance Co.)
David C. Christian II, Esq.
***Email****: dchristian@seyfarth.com*

David M. Wiseblood
***Email****: dwiseblood@seyfarth.com*

Todd Jacobs, Esq.
***Email****: tjacobs@grippoelden.com*

Robert Binion
Rodney L. Eshelman
***Email****: rbinion@cbmlaw.com*
    *rode@cbmlaw.com*

Attorneys for General Insurance Company
of America
Janet A. Shapiro, Esq.
***Email:*** *ShapiroFirm@aol.com*

Robert H. Berkes
Ronald R. Robinson
***Email:*** *rberkes@bcrslaw.com*
    *rrobinson@bcrslaw.com*

Debra A. Dandeneau, Esq.
Weil, Gotshal & Manges LLP
***Email****: debra.dandeneau@weil.com*

Farwest Insulation Contracting
c/o Lawrence Alan Peitzman
***Email****: lpeitzman@pwkllp.com*

Attorneys for Granite State Insurance
Company and National Union Fire
Insurance Company of Pittsburgh, PA
Arthur Schwartz, Esq.
Matthew S. Foy, Esq.
Phillip K. Wang, Esq.
***Email****: aschwartz@gordonrees.com*
    *mfoy@gordonrees.com*
    *pwang@gordonrees.com*

Attorneys for Pacific Indemnity Company
Charles E. Wheeler
***Email****: cwheeler@cozen.com*

William P. Shelley
***Email****: wshelley@cozen.com*

Attorneys for Chicago Insurance Company
and Fireman's Fund Insurance Company
Steven P. Rice
Queena Hu
***Email****: srice@crowell.com*
    *qhu@crowell.com*

Mark D. Plevin
Leslie A. Davis
***Email****: mplevin@crowell.com*
    *ldavis@crowell.com*

Leonard P. Goldberger
***Email****: lpg@stevenslee.com*

Attorneys for Associated International
Insurance Co.
Steven P. Rice
Queena Hu
***Email****: srice@crowell.com*
    *qhu@crowell.com*

Mark D. Plevin
Crowell & Moring LLP
***Email****: mplevin@crowell.com*

Attorneys for Argonaut Insurance Co.
Edward D. Vaisbort / G. David Rubin
***Email****: vaisbort@litchfieldcavo.com*
    *rubin@litchfieldcavo.com*

Thomas M. Crawford
Kevin Titus
Katherine Lien
*Email:* *Crawford@LitchfieldCavo.com*
*titus@litchfieldcavo.com*
*lien@litchfieldcavo.com*

Attorneys for Employers Reinsurance
Corporation and Westport Insurance Co.
Barry R. Ostrager
*Email:* *bostrager@stblaw.com*

Deborah L. Stein
Robert J. Pfister
*Email:* *dstein@stblaw.com*
*rpfister@stblaw.com*

Attorneys for American Centennial
Insurance Company
Russell W. Roten
Jeff D. Kahane
*Email:* *jkahane@duanemorris.com*

Max H. Stern
*Email:* *mhstern@duanemorris.com*

Christina C. Skubic
Charlton Clemmer
c/o Alan R. Brayton, Esq.
*Email:* *ABrayton@braytonlaw.com*
*cskubic@braytonlaw.com*

Attorneys for Allstate Insurance Co., solely
as successor-in-interest to Northbrook
Excess & Surplus Insurance Company,
formerly known as Northbrook Ins. Co.
Brad A. Berish
*Email:* *bberish@ag-ltd.com*

Linda Bondi Morrison
Katherine K. Liner'Tressler, Soderstrom,
*Email:* *lmorrison@tsmp.com*
*kliner@tsmp.com*

Attorneys for Transport Insurance Company
Ray L. Wong
Geoffrey A. Heaton
Michael J. Dickman
*Email:* *rlwong@duanemorris.com*
*gheaton@duanemorris.com*
*mjdickman@duanemorris.com*

Attorneys for Transport Insurance Company
Christopher Celentino
*Email:* *ccelentino@duanemorris.com*

Proposed Counsel for Futures
Representative
Gary S. Fergus
*Email:* *gfergus@ferguslegal.com*

Counsel for Maine Bonding and Casualty
Company
Robert P. Kavanaugh
Queena C. Ho
*Email:* *rkavanaugh@nixonpeabody.com*
*qho@nixonpeabody.com*

Attorneys for Maine Bonding Co.
Dennis J. Drebsky, Esq.
*Email:* *ddrebsky@nixonpeabody.com*

Attorneys for Certain Asbestos Claimants
Alan R. Brayton, Esq.
Christina C. Skubie
*Email:* *abrayton@braytonlaw.com*

Attorneys for Johns Manville
Lawrence Bass, Esq.
Holme Roberts & Owen LLP
*Email:* *Lawrence.bass@hro.com*

Attorneys for Associated International
Insurance Co.:
Meryl R. Lieberman
*Email:* *mlieberman@traublieberman.com*

Attorneys for Associated International
Insurance Co.:
Kevin P. McNamara
*Email:* *kmcnamara@hfdclaw.com*

3

Thomas Jensen
Ted Sullivan
Laurie Meyer
*Email*: *Thomas.jensen@lindjensen.com*
   *Ted.Sullivan@lindjensen.com*
   *Laurie.meyer@lindjensen.com*

Attorneys for General Insurance Company
of America:
William C. Morison-Knox;
Morison-Knox Holden
*Email*: *wcm@morison-knox.com*
   *th@morison-knox.com*
   *ww@morison-knox.com*

Attorneys for Nationwide; Employers
Insurance of Wausau:
Devin A. McRae
*Email*: *mcrae.devin@dorsey.com*

Attorneys for Employers Re Insurance
Corporation; Westport Insurance
Corporation (Puritan):
Bruce Winkelman
*Email*: *bwinkelman@craig-winkelman.com*

Attorneys for Employers Corporation;
Westport Insurance Corporation (Puritan)
Rolf Gilbertson
*Email*: *rgilbertson@zelle.com*

Attorneys for Middlesex Insurance
Company
Holly S. Burgess
Selman Breitman LLP
*Email*: *hburgess@selmanbreitman.com*

Attorneys for Motor Vehicle Casualty
Company; Century Indemnity Company;
Central National Insurance Company:
Jeffrey Judd
*Email*: *jjudd@omm.com*

Attorneys for Motor Vehicle Casualty
Company; Century Indemnity Company;
Central National Insurance Company:
Richard B. Goetz
*Email*: *rgoetz@omm.com*

Attorneys for Motor Vehicle Casualty
Company; Century Indemnity Company;
Central National Insurance Company
Tancred V. Schiavoni
*Email*: *TSchiavoni@OMM.com*

Attorneys for Motor Vehicle Casualty
Company; Century Indemnity Company;
Central National Insurance Company:
Gregory T. LoCasale
*Email*: *locasale@whiteandwilliams.com*

Attorneys for Transport Insurance Company
Ray L. Fong
Geoffrey A. Heaton
*Email*: *rlwong@duanemorris.com*
   *gheaton@duanemorris.com*
   *mjdickman@duanemorris.com*

Attorneys for Employers Insurance
Company of Wausau
Steven D. Allison
*Email*: *allison.steven@dorsey.com*

Steven J. Heim
*Email*: *heim.steven@dorsey.com*

Susan De la Cruz
*Email*: *cwycredit@con-way.com*

Attorneys for Maricopa County Treasurer
Gust Rosenfeld P.L.C.
*Email*: *mwanslee@gustlaw.com*

Special Appellate Counsel to Debtor
Kenneth Klee, Esq.
Thomas Patterson, Esq.
*Email*: *kklee@ktbslaw.com*
   *tpatterson@ktbslaw.com*

4

Co-counsel for Argo Group US
Craig G. Margulies, Esq.
***Email:*** *cmargulies@lm-lawyers.com*

Attys for Motor Vehicle Casualty, Central
Nat'l Insurance and Century Indemnity Ins.,
successor to Cigna f/k/a California Union
Ins.
Alan S. Berman
***Email****: alan.berman@mclolaw.com*

Attys for Granite State Ins., Nat'l Union Fire
Ins., Lexington Ins. and Ins. Company of the
State of Pennsylvania
Michael S. Davis
***Email:*** *mdavis@zeklaw.com*

Attys for Maine Bonding and Casualty
Company
Matthew Zandi
***Email****: mzandi@nixonpeabody.com*

5