RICHARD B. GOETZ (SB#115666)
ABBY SCHWARTZ (S.B. #250244)
rgoetz@omm.com; aschwartz@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone:    (213) 430-6000
Facsimile:    (213) 430-6407

ALAN S. BERMAN (SB#121954)
alan.berman@mclolaw.com
BERMAN & AIWASIAN
725 South Figueroa Street, Suite 1050
Los Angeles, California 90017
Telephone:    (213) 233-9650
Facsimile:    (213) 333-9651

TANCRED SCHIAVONI (*pro hac vice*)
GARY SVIRSKY (*pro hac vice*)
tschiavoni@omm.com; gsvirsky@omm.com
Times Square Tower, 7 Times Square
New York, New York 10036
Telephone:    (212) 326-2000
Facsimile:    (212) 326-2061

*Attorneys for Motor Vehicle Casualty Company,*
*Central National Insurance Company of Omaha,*
*and Century Indemnity Company, successor to*
*Cigna Specialty Insurance Company f/k/a*
*California Union Insurance Company*

# UNITED STATES BANKRUPTCY COURT FOR
# THE CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THORPE INSULATION CO.,[1]<br><br>Debtor. | Case No. 2:07-19271-BB<br>Chapter 11<br><br>**OBJECTION TO AND MOTION TO STRIKE DECLARATIONS FILED IN CONNECTION WITH MOTION TO APPROVE SETTLEMENT WITH ALLSTATE INSURANCE COMPANY**<br><br>Date and Time: December 17, 2009, 10:00 a.m.<br>Place: Courtroom 1475<br>Judge: Hon. Sheri Bluebond |

---

[1] The Debtors are Thorpe Insulation Company, a California corporation, 5608 Bayshore Walk, Long Beach, CA 90803, Fed. Tax I.D. No. 95-1559386 (Main Debtor), and Pacific Insulation Company, a California Corporation, 2741 South Yates Ave., Los Angeles, CA 90040, Fed. Tax I.D. No. 95-4812741.

OBJECTION TO AND MOTION TO STRIKE DECLARATIONS

Motor Vehicle Casualty Company, Central National Insurance Company of Omaha, and Century Indemnity Company, successor to Cigna Specialty Insurance Company f/k/a California Union Insurance Company ("Objecting Insurers"), object to Thorpe's motion ("Motion") to approve the Settlement with Allstate Insurance Company ("Allstate") and submits this Motion to Strike Declarations in support thereof (Dkt No. 2471).[2]

## THE FULTS DECLARATION

Objecting Insurers object to the entirety of the Fults Declaration on hearsay grounds (Dkt. No. 2471). *See* Fed. R. Evid. 802. Moreover, Mr. Fults does not contend in his declaration that he participated in any of the settlement negotiations with Allstate, and there is no evidence to suggest that he did. Nor is there a shred of evidence that Mr. Fults even met with Allstate, let alone communicated with any of their representatives. On top of this, there is no indication that Mr. Fults has seen or read the Allstate's policies, or is competent to offer statements related to the coverage of those policies. In this context, Mr. Fults indisputably lacks foundation or personal knowledge sufficient to offer testimony regarding the negotiations with Allstate. *See* Fed. R. Evid. 602.

While Objecting Insurers object to the entirety of the Fults' Declaration, Objecting Insurers also specifically object to the following portions:

1. The statements in paragraph 12 are too vague and amorphous to be probative to any facts or issues to be determined at the hearing. *See* Fed. R. Evid. 402. Moreover, there is no evidence that Mr. Fults has any personal knowledge of the potential liabilities represented by present and anticipated future asbestos personal injury claims. *See* Fed. R. Evid. 602.

2. The statements in paragraph 14 are too vague and amorphous to be probative to any facts or issues to be determined at the hearing. *See* Fed. R. Evid. 402. Moreover, there is no evidence that Mr. Fults has any personal knowledge of the insurance policies discussed in paragraph 14. *See* Fed. R. Evid. 602.

---

[2] Objecting Insurers incorporate all arguments set forth in the Memorandum of Points and Authorities in Support of Objection to Settlement with Allstate Insurance Company.

3. The statements in paragraph 24 are too vague and amorphous to be probative to any facts or issues to be determined at the hearing. *See* Fed. R. Evid. 402. Moreover, there is no evidence that Mr. Fults has any personal knowledge regarding the likelihood of the coverage litigation transpiring as it is described in paragraph 26. *See* Fed. R. Evid. 602.

4. The statements in paragraph 25 are too vague and amorphous to be probative to any facts or issues to be determined at the hearing. *See* Fed. R. Evid. 402. Moreover, there is no evidence that Mr. Fults has any personal knowledge regarding the obligations of Allstate contained in the Settlement Agreement, the ability of Allstate to contest potential claims against itself, and the ability to determine the number of asbestos claimants who were exposed during the Allstate coverage. *See* Fed. R. Evid. 602.

5. The statements in paragraph 26 are too vague and amorphous to be probative to any facts or issues to be determined at the hearing. *See* Fed. R. Evid. 402. Moreover, there is no evidence that Mr. Fults has any personal knowledge regarding the relative expense of prosecuting coverage claims against Allstate, or the likelihood that the events mentioned in paragraph 28 would occur as stated. *See* Fed. R. Evid. 602.

6. The statements in paragraph 27 are too vague and amorphous to be probative to any facts or issues to be determined at the hearing. *See* Fed. R. Evid. 402. Moreover, there is no evidence that Mr. Fults has any personal knowledge of whether the Settlement Agreement is in the best interests of both the estates and their creditors. *See* Fed. R. Evid. 602.

7. The statements in paragraph 28 are too vague and amorphous to be probative to any facts or issues to be determined at the hearing. *See* Fed. R. Evid. 402. Moreover, there is no evidence that Mr. Fults has any personal knowledge regarding the events that took place between counsel for Debtors and counsel for ALLSTATE, and whether they were indeed negotiated at arms-length and in good faith. *See* Fed. R. Evid. 602.

**THE RENFREW DECLARATION**

Objecting Insurers object to the Renfrew Declaration in its entirety for not conforming to the rules with regard to either lay or expert witness testimony (Dkt. No. 2473). Rules 701 and 702 of the Federal Rules of Evidence provide for testimony to be given by either a lay witness or an expert witness. Importantly, neither rule excepts from its purview a statutory fiduciary reporting to its supervising court the reasons for that fiduciary's exercise of his or her judgment. Rather, the two rules, on their faces, apply to any witness offering testimony to a federal court. Mr. Renfrew certainly qualifies as such a witness and is not exempt from the Federal Rules of Evidence, notwithstanding his failure to comply with either Rule 701 or 702.

Testimony of a lay witness is confined to the individual's first-hand knowledge or observation and may not be based on "scientific, technical, or other specialized knowledge[.]"[3] If the Renfrew Declaration is being submitted as lay witness opinion testimony, and the Court has suggested it believes that it is,[4] the portions of his declaration that exceed his personal knowledge should be stricken, including reliance on the Rabinovitz Report.[5] Indeed, a large part of the Renfrew Declaration relies not on Mr. Renfrew's personal observations, but on facts of which he has been informed and which are inadmissible hearsay.[6]

On the other hand, witnesses qualified as experts may offer testimony beyond the scope of their personal observations, such as "scientific, technical, or other specialized knowledge," in certain circumstances.[7] However, to do so, the expert may be "required to disclose the underlying facts or data" upon which his testimony is based.[8] Moreover, experts must prepare and sign a report containing "the data or other information considered by the

---

[3] Fed. R. Evid. 701.
[4] *See* Transcript of April 2, 2009 Hearing at 7:16-18 ("If I have to – he's probably an expert on some things, but in this capacity, he's a percipient lay witness.")
[5] *See, e.g.*, *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C03-1431, 2006 WL 1330002, at *3 (N.D. Cal. May 15, 2006) (holding statements contained in Declaration that exceeded scope of lay testimony should be stricken); *see also In re Knerr*, 361 B.R. 858, 861 (N.D. Ohio 2007) ("[The witness] is not entitled to offer his opinion as a lay witness since his opinion is based on specialized knowledge (*i.e.*, his investigation and years of experience [. . .]).")"; *Ledgerwood v. Dial Indus. Sales, Inc.*, No. 04-C-200-C, 2005 WL 2176993, at *1 (W.D. Wis. Sept. 8, 2005) ("To qualify as a lay opinion under Rule 701, [the witness]'s opinion cannot be based on technical or other specialized knowledge. I will not allow an [sic] quasi-expert opinion to be the subject of testimony by a witness not previously disclosed as an expert.")
[6] Renfrew Declaration at ¶¶ 4 and 6 (listing facts of which he was "informed"); FED. R. EVID. 801(c).
[7] FED. R. EVID. 702.
[8] FED. R. EVID. 705.

witness in forming [all opinions]."[9]  Failure to disclose such information precludes a party from using "that information[.]"[10]

As part of a tentative ruling on Objecting Insurers' objections to a previous declaration of Mr. Renfrew, this Court stated:

> He's telling me it's his business judgment that this is a good deal. And he's got personal knowledge of what his -- what's inside his head, and he's -- the issue is what is his business judgment and why is it his business judgement [*sic*]
> . . .
> I just want to know what his business judgment is and why and to be able to look at whether the process that he went through was a reasonable exercise to get to that business judgment.[11]

The Court also added in its tentative ruling that "[h]e is not purporting to testify as to the truth of the underlying factual assertions and therefore need not be characterized as an expert witness to make his testimony admissible."[12]

Though Objecting Insurers believe Mr. Renfrew's reliance on the Rabinovitz Report and upon statements of which he was "informed" constitutes an improper attempt to circumvent the rules regarding hearsay evidence, Objecting Insurers' position does not turn on whether this Court believes Mr. Renfrew's testimony or the information he relies upon qualify as hearsay.  Rather, regardless of the nature of his testimony or the Rabinovitz Report, Objecting Insurers are entitled to discovery and disclosure of the facts upon which his testimony is based.[13] The Court acknowledges the proper question: "whether the process that he went through was a reasonable exercise to get to that business judgment."[14]  But the reasonableness of Mr. Renfrew's exercise in the instant case remains entirely untested.  Whether his reliance on the Rabinovitz Report to reach his final business judgment is reasonable necessarily depends on whether the

---

[9] FED. R. CIV. P. 26(a)(2)(B)(ii) (requiring disclosure "if the witness is one retained or specially employed to provide expert testimony").
[10] FED. R. CIV. P. 37(c)(1). *See Cusano v. Klein*, No. CV 97-4914, 1999 WL 34834524, at *1 n. 1 (C.D. Cal. Apr. 13, 1999) (noting both defendants' rightful objection to insufficient foundation for documents upon which expert relied and also the Court's order to plaintiff to provide or specifically identify those documents); *see also Epis, Inc. v. Fid. & Guar. Life Ins. Co.*, 156 F. Supp. 2d 1116, 1124 (N.D. Cal. 2001) (highlighting that "the declarations fail to attach any documents, much less the key documents, relied upon by the experts in formulating their reports" and sustaining objections to the declarations) (citing *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993)).
[11] Transcript of April 2, 2009 Hearing at 7:20-24, 8:10-13.
[12] 12 Tentative Ruling of April 2, 2009.
[13] *See* FED. R. EVID. 701-02.
[14] Transcript of April 2, 2009 Hearing at 8:11-13.

Rabinovitz Report itself is accurate and reliable—something that has not yet been determined. Mr. Renfrew's opinions are based upon information beyond his personal knowledge and observations, and in fact, Mr. Renfrew's specialized knowledge from his past experience pervades his "business judgments." Mr. Renfrew therefore appears to be offering expert testimony, in which case his declaration should be held to the standards of disclosure and reliability required under the evidentiary rules, including disclosure of the Rabinovitz Report.[15]

---

[15] *See* FED. R. EVID. 702, 703, and 705; *Fresenius*, 2006 WL 1330002, at *3; *In re Knerr*, 361 B.R. at 861; *Ledgerwood*, 2005 WL 2176993, at *1.

**CONCLUSION**

For all of the foregoing reasons this Court should strike the declarations of Fults and Renfrew in their entirety.

Dated:  December 3, 2009

O'MELVENY & MYERS LLP

By: /s/ Abby Schwartz

RICHARD B. GOETZ (SB#115666)
ABBY SCHWARTZ (S.B. #250244)
400 South Hope Street
Los Angeles, California  90071
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407

ALAN S. BERMAN (SB#121954)
BERMAN & AIWASIAN
725 South Figueroa Street, Suite 1050
Los Angeles California  90017
Telephone:     (213) 233-9650
Facsimile:      (213) 233-9651

TANCRED SCHIAVONI (*pro hac vice*)
GARY SVIRSKY (*pro hac vice*)
Times Square Tower, 7 Times Square
New York, New York 10036
Telephone:     (212) 326-2000
Facsimile:      (212) 326-2061

*Attorneys for Motor Vehicle Casualty Company, Central National Insurance Company of Omaha, and Century Indemnity Company, successor to Cigna Specialty Insurance Company f/k/a California Union Insurance Company*