Jeremy V. Richards (CA Bar No. 102300)
Henry C. Kevane (CA Bar No. 125757)
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
Counsel to Thorpe Insulation Company,
Proponent of the Plan

John A. Lapinski (CA Bar No. 71596)
Leslie R. Horowitz (CA Bar No. 97630)
Clark & Trevithick
800 Wilshire Blvd, Twelfth Floor
Los Angeles, California 90017-2617
Telephone: (213) 629-5700
Facsimile: (213) 624-9441
Counsel to Pacific Insulation Company,
Proponent of the Plan

Peter J. Benvenutti (CA Bar No. 60566)
Jones Day
555 California St., 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
Counsel to Official Committees of
Unsecured Creditors,
Proponents of the Plan

Peter Van N. Lockwood (DC Bar No. 086447)
Caplin & Drysdale, Chartered
1 Thomas Circle N.W.
Washington, D.C. 20005
Telephone: (202) 862-5000
Facsimile: (202) 429-3301
Counsel to Official Committees of
Unsecured Creditors,
Proponents of the Plan

Gary S. Fergus (CA Bar No. 95318)
Fergus, A Law Office
595 Market Street, Suite 2430
San Francisco, California 94105
Telephone: (415) 537-9032
Facsimile: (415) 537-9038
Counsel to Futures Representative,
Proponent of the Plan

FILED & ENTERED

FEB 01 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY cwelch DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>THORPE INSULATION COMPANY,[1]<br><br>Debtor. | Case No. 2:07-19271-BB<br><br>Chapter 11<br><br>(Jointly Administered with<br>Case No. 2:07-20016-BB)<br><br>**ORDER CONFIRMING FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF THORPE INSULATION COMPANY AND PACIFIC INSULATION COMPANY**<br><br>Date:        December 17, 2009<br>Time:       10:00 a.m.<br>Place:       United States Bankruptcy Court<br>                 255 East Temple St., Courtroom 1475<br>                 Los Angeles, CA<br>Judge:      Honorable Sheri Bluebond |

---

[1] The Debtors are Thorpe Insulation Company, a California corporation, 5608 Bayshore Walk, Long Beach, CA 90803, Fed. Tax ID No. 95-1559386 (Main Debtor), and Pacific Insulation Company, a California corporation, 2741 Yates Ave., Los Angeles, CA 90040, Fed. Tax ID No. 95-4812741.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , CALIFORNIA

1   The Court has entered its *Findings of Fact and Conclusions of Law in Support of*

2   *Confirmation of Fifth Amended Joint Plan of Reorganization of Thorpe Insulation Company and*

3   *Pacific Insulation Company* (the "Findings and Conclusions"), in connection with the *Fifth Amended*

4   *Joint Plan of Reorganization of Thorpe Insulation Company and Pacific Insulation Company* dated

5   December 17, 2009 (the "Plan").  The Plan was filed by Thorpe Insulation Company ("Thorpe") and

6   Pacific Insulation Company ("Pacific" and, together with Thorpe, the "Debtors"), the Official

7   Committees of Unsecured Creditors ("Committee"), and the Futures Representative appointed in the

8   above-captioned cases.  Unless otherwise defined, a capitalized term used in this Order shall have

9   the meaning set forth in the Plan.  Appearances are noted on the record of the proceedings of the

10  Confirmation Hearing.  The Court has further examined the entire record compiled in the Chapter 11

11  Cases and has considered the offers of proof and the arguments and representations of counsel at the

12  Confirmation Hearing.  Based upon the foregoing matters, due deliberation having been given to the

13  transactions set forth in the Plan and good cause appearing, the Court makes the following order

14  confirming the Plan:[2]

## I.

## ORDER CONFIRMING PLAN

17  Based upon the record of the Confirmation Hearing, all the proceedings held before this

18  Court in the Chapter 11 Cases, and the Findings and Conclusions:

19  **IT IS HEREBY ORDERED THAT:**

20  **1.    Plan Confirmed.**

21  The Plan is confirmed.  Any objections to confirmation of the Plan, or to the adequacy of the

22  Disclosure Statement, as supplemented, unless previously withdrawn, are overruled.  The

23  Reorganized Debtor and the Debtors are authorized to (a) take such actions as may be necessary or

24  appropriate to carry out the Plan, and (b) execute such documents and instruments as may be

25  required to implement the Plan.  Pursuant to Section 1142(b) of the Bankruptcy Code, the Trust shall

26  assist the Debtors and the Reorganized Debtor by providing such entities with reasonable and

---

[2] **Text, other than section headings, that appears in bold represents inserts or changes made by the Court to the form of proposed order lodged by plan proponents.  The use of this font was not intended to convey emphasis.**

1  continuing cooperation as contemplated by the Plan and the Trust Documents.  The Debtors, the

2  Reorganized Debtor, and any other entity designated pursuant to the Plan are authorized, empowered

3  and directed to execute, deliver, file and record any document, and to take any action necessary or

4  appropriate, to implement, consummate and otherwise effect the Plan in accordance with its terms in

5  all material respects, and all such entities shall be bound by the terms and provisions of all

6  documents executed and delivered by them that are necessary or appropriate to effectuate the

7  transactions contemplated by the Plan.

8                    **2.        Confirmed Plan Binding.**

9         Pursuant to Section 1141(a) of the Bankruptcy Code, and subject to Section 5.4.2 of the Plan,

10  upon the Effective Date, the provisions of the Plan shall bind (a) the Debtors, the Reorganized

11  Debtor and the Trust, and (b) any Creditor of the Debtors and any holder of any Interests, whether or

12  not (i) such Creditor or holder has filed a proof of Claim or interest or is deemed to have filed a

13  proof of Claim or interest under Sections 501 or 1111 of the Bankruptcy Code, (ii) the Claim or

14  interest of such Creditor or holder is allowed under Section 502 of the Bankruptcy Code, (iii) such

15  Creditor or holder has accepted the Plan, or (iv) such Creditor or holder is impaired under the Plan.

16                    **3.        Revesting of Property of Estates.**

17         Pursuant to Section 1141(b) of the Bankruptcy Code, upon the Effective Date, with the

18  exception of all Trust Assets that are transferred to the Trust pursuant to Section 5.4.1 of the Plan,

19  title to (i) all remaining Thorpe Assets, and (ii) all remaining Pacific Assets (following the

20  consummation of the Merger), shall vest in the Reorganized Debtor for the purposes contemplated

21  under the Plan and shall no longer constitute property of the Estates created for Thorpe and Pacific

22  in their respective Chapter 11 Cases.  Pursuant to Section 1141(c) of the Bankruptcy Code, upon the

23  Effective Date, all property dealt with by the Plan shall revest in the Reorganized Debtor or be

24  transferred to the Trust free and clear of all Claims and Interests, including Liens, charges or other

25  encumbrances of Creditors.

26                    **4.        Discharge.**

27         Pursuant to Section 1141(d) of the Bankruptcy Code, upon the Effective Date, the

28  Confirmation of the Plan shall discharge Thorpe, Pacific and the Reorganized Debtor from all

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS   AT LAW
SAN FRANCISCO , CALIFORNIA

1   Claims or other debts that arose at any time before the Effective Date, and all debts of the kind

2   specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (i) a proof of

3   claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (ii) a

4   Claim based on such debt is Allowed under Section 502 of the Bankruptcy Code; or (iii) the holder

5   of a Claim has accepted the Plan.  As of the Effective Date, all entities that have held, currently hold

6   or may hold a Claim or other debt or liability that is discharged or any other right that is terminated

7   under the Bankruptcy Code or the Plan are permanently enjoined, to the full extent provided under

8   Section 524(a) of the Bankruptcy Code, from "the commencement or continuation of an action, the

9   employment of process, or an act, to collect, recover or offset any such debt as a personal liability"

10  of Thorpe, Pacific or the Reorganized Debtor.

11                      **5.        Establishment of the Trust Approved.**

12          On the Effective Date, the Trust shall be created in accordance with the Plan and the Trust

13  Documents.  Upon the creation of the Trust, all right, title, and interest in and to the Trust Assets

14  shall be transferred to, and vested in, the Trust.  The Trust and the Trustees are hereby authorized

15  and empowered to receive the Trust Assets.  The Trust shall be a "qualified settlement fund" within

16  the meaning of the QSF Law.  The purposes of the Trust shall be, among other things, to assume

17  Asbestos Related Claims, subject to the terms of the Plan, and to use the Trust Assets to pay the

18  holders of Asbestos Related Claims that are submitted for payment by the Trust in accordance with

19  the Trust Documents.  The appointment of the initial Trustees of the Trust is hereby approved.  As of

20  the Effective Date, the initial Trustees shall serve as Trustees in accordance with the terms of the

21  Trust Agreement.  In consideration for the property transferred to the Trust pursuant to Section 5.1.2

22  of the Plan, on the Effective Date, and without any further action of the Bankruptcy Court or further

23  act or agreement of any entity, (i) all Asbestos Related Claims shall be assumed by the Trust, subject

24  in all respects to the terms of the Plan and any Asbestos Related Defenses, (ii) all Asbestos Related

25  Claims shall thereafter automatically and perpetually be transferred and channeled to the Trust, and

26  (iii) the Trust shall be solely responsible for any and all obligations of the Trust under the terms of

27  the Asbestos Insurance Settlements and the Trust Agreement.

28

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
SAN FRANCISCO , CALIFORNIA

**6.    Means of Implementation Approved.**

The Debtors are authorized to take all actions necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms.

**a.    Merger.**

Upon the Effective Date, each of the Debtors shall be, and hereby is, authorized and directed to (a) enter into and consummate the Merger Agreement, and (b) file articles of merger conforming to the requirements of the California general corporation law with the Secretary of State of the State of California.  Pursuant to the Merger, all Intercompany Claims between the Debtors shall be deemed extinguished, Pacific shall be merged into Thorpe, the separate existence of Pacific shall thereupon cease, and Thorpe, as the Surviving Corporation in the Merger, shall continue its separate corporate existence with all the powers of a corporation under the laws of the State of California. Upon the completion of the Merger, Thorpe shall be the Reorganized Debtor for purposes of consummating the transactions required in connection with this Plan.  The Charter of the Reorganized Debtor shall be deemed amended to provide that the name of the Reorganized Debtor shall be "Pacific Insulation Company."  Following the Merger, the Reorganized Debtor may continue to engage in business and may use, acquire and dispose of the Thorpe Assets, and all Pacific Assets acquired pursuant to the Merger, that are all revested in the Reorganized Debtor pursuant to the Plan, without further supervision by the Bankruptcy Court and free of any restrictions under the Bankruptcy Code or the Bankruptcy Rules.

**b.    Farwest Settlement Approved.**

The Farwest Settlement is reasonable and in the best interests of the Estates and Creditors and is hereby approved.

**c.    Appointment of Reorganized Debtor Officers and Directors.**

The initial board of directors of the Reorganized Debtor shall be composed of the Reorganized Debtor Directors.  Each of the members of such initial board of directors shall serve in accordance with applicable nonbankruptcy law and the Reorganized Debtor's Charter, as the same may be amended from time to time.  The Reorganized Debtor Officers shall be deemed appointed to

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , CALIFORNIA

1    serve as officers of the Reorganized Debtor without further action under applicable law, regulation,

2    order or rule including, without limitation, any action by the stockholders or directors of the

3    Reorganized Debtor.

4                        **d.      Fulfillment of Duties by Debtors' Officers and Directors.**

5           Upon the Effective Date, and without any further action by the shareholders or directors of

6    either of the Debtors, the Pacific Officers, the Pacific Directors, the Thorpe Officer and the Thorpe

7    Directors shall each be deemed to have fulfilled their respective duties and shall be released and

8    discharged from all further responsibilities with respect to the management, business and affairs of

9    the Debtors.

10                              **e.      Charter.**

11          The Reorganized Debtor's Charter shall be deemed amended as of the Effective Date to

12   prohibit the issuance of nonvoting equity securities.

13                         **7.      Tax Exemption.**

14          Pursuant to Section 1146(c) of the Bankruptcy Code, the making or delivery of an instrument

15   of transfer related to any property dealt with by the Plan shall not be taxed under any law imposing a

16   stamp tax or similar tax.

17                   **8.      Plan Exoneration and Release Provisions**

18          The Court expressly approves the exonerations and releases set forth in Section 8.7 of the

19   Plan and the Bankruptcy Court expressly retains jurisdiction to enforce and protect such

20   exonerations and releases.

21                        **9.      Channeling Injunction**

22                              **a.      Terms.**

23          Pursuant to Sections 524(g) and 105(a) of the Bankruptcy Code, upon the Effective Date, all

24   entities (except as expressly allowed below) which have held or asserted, which hold or assert, or

25   which may in the future hold or assert any Asbestos Related Claim shall be, and hereby are,

26   permanently stayed, restrained and enjoined from taking any legal action for the purpose of directly

27   or indirectly collecting, recovering or receiving payment or recovery with respect to any such claim

28   from or against any Protected Party, including, but not limited to:

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , CALIFORNIA

1         (i)        commencing, conducting or continuing in any manner any action or

2 other proceeding of any kind (including a judicial arbitration or other

3 proceeding) against any Protected Party, or against the property of any

4 Protected Party, with respect to any Asbestos Related Claim;

5         (ii)        enforcing, attaching, levying, collecting or recovering, by any manner

6 or means, any judgment, award, decree, or other order against any

7 Protected Party, or against the property of any Protected Party, with

8 respect to any Asbestos Related Claim;

9         (iii)        creating, perfecting, or enforcing in any manner any Lien of any kind

10 against any Protected Party, or against the property of any Protected

11 Party, with respect to any Asbestos Related Claim;

12         (iv)        asserting or accomplishing any setoff, right of subrogation, indemnity,

13 contribution or recoupment of any kind, directly or indirectly, against

14 any obligation due any Protected Party, or against the property of any

15 Protected Party, with respect to any Asbestos Related Claim; and

16         (v)        taking any act, in any manner, in any place whatsoever, that does not

17 conform to, or comply with, the provisions of the Plan relating to any

18 Asbestos Related Claim.

19         **b.      Reservations.**

20         The provisions of this Channeling Injunction shall not shall bar (i) any action pursuant to

21 Section 5.1.6 of the Plan against the Reorganized Debtor that strictly conforms to the pleading

22 requirements of Section 5.1.6 of the Plan, and/or (ii) any action against any Asbestos Insurer that is

23 neither a Settling Asbestos Insurer nor an Asbestos Insurer protected, at the time such action is

24 brought, by the Asbestos Insurer Injunction.

25         **10.      Settling Asbestos Insurer Injunction**

26         **a.      Terms.**

27         Pursuant to Sections 524(g) and 105(a) of the Bankruptcy Code, upon the Effective Date, all

28 entities which have held or asserted, which hold or assert, or which may in the future hold or assert

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
SAN FRANCISCO  ·  CALIFORNIA

any Asbestos Insurance Policy Claim shall be, and hereby are, permanently stayed, restrained and enjoined from taking any legal action for the purpose of directly or indirectly collecting, recovering or receiving payment or recovery with respect to any such claim from or against any Settling Asbestos Insurer, only to the extent that such Settling Asbestos Insurer has been released from any claim under one or more Asbestos Insurance Policies pursuant to one or more Asbestos Insurance Settlements, including, but not limited to:

(i)   commencing, conducting or continuing in any manner any action or other proceeding of any kind (including a judicial arbitration or other proceeding) against any Settling Asbestos Insurer, or against the property of any Settling Asbestos Insurer, with respect to any Asbestos Insurance Policy Claim;

(ii)  enforcing, attaching, levying, collecting or recovering, by any manner or means, any judgment, award, decree, or other order against any Settling Asbestos Insurer, or against the property of any Settling Asbestos Insurer, with respect to any Asbestos Insurance Policy Claim;

(iii) creating, perfecting, or enforcing in any manner any Lien of any kind against any Settling Insurer, or against the property of any Settling Asbestos Insurer, with respect to any Asbestos Insurance Policy Claim;

(iv)  asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind, directly or indirectly, against any obligation due any Settling Asbestos Insurer, or against the property of any Settling Asbestos Insurer, with respect to any Asbestos Insurance Policy Claim; and

(v)   taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan relating to any Asbestos Insurance Policy Claim.

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
SAN  FRANCISCO , CALIFORNIA

1            **b.      Reservations.**

2        If a Non-Settling Asbestos Insurer asserts that it has an Asbestos Insurance Policy Claim

3    against a Settling Asbestos Insurer, (i) such Asbestos Insurance Policy Claim may be asserted as a

4    defense or counterclaim against the Trust or the Reorganized Debtor (as applicable) in any Asbestos

5    Insurance Litigation involving such Non-Settling Asbestos Insurer, and the Trust or the Reorganized

6    Debtor (as applicable) may assert the legal or equitable rights, if any, of the Settling Asbestos Insurer

7    in response thereto, and (ii) to the extent such Asbestos Insurance Policy Claim is determined to be

8    valid by the court presiding over the Asbestos Insurance Litigation initiated by the Trust or the

9    Reorganized Debtor (as applicable), the liability (if any) of such Non-Settling Asbestos Insurer to

10   the Trust or the Reorganized Debtor (as applicable) shall be reduced dollar for dollar by the amount

11   so determined of such Asbestos Insurance Policy Claim.

12           **11.     Asbestos Insurer Injunction**

13           **a.      Terms.**

14       Pursuant to Section 105(a) of the Bankruptcy Code, in order to carry out the provisions of

15   Section 524(g) of the Bankruptcy Code, upon the Effective Date, all entities (except as expressly

16   allowed below), which have held or asserted, which hold or assert, or which may in the future hold

17   or assert any Asbestos Related Claim shall be, and hereby are, permanently stayed, restrained and

18   enjoined from taking any legal action for the purpose of directly or indirectly collecting, recovering

19   or receiving payment or recovery with respect to any such claim from or against any Asbestos

20   Insurer, including, but not limited to:

21           (i)      commencing, conducting or continuing in any manner any action or

22                    other proceeding of any kind (including a judicial arbitration or other

23                    proceeding) against any Asbestos Insurer, or against the property of

24                    any Asbestos Insurer, with respect to any Asbestos Related Claim;

25           (ii)     enforcing, attaching, levying, collecting or recovering, by any manner

26                    or means, any judgment, award, decree, or other order against any

27                    Asbestos Insurer, or against the property of any Asbestos Insurer, with

28                    respect to any Asbestos Related Claim;

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , CALIFORNIA

<div align="right">(iii)</div> creating, perfecting, or enforcing in any manner any Lien of any kind against any Asbestos Insurer, or against the property of any Asbestos Insurer, with respect to any Asbestos Related Claim;

<div align="right">(iv)</div> asserting or accomplishing any setoff, right of subrogation, indemnity, contribution or recoupment of any kind, directly or indirectly. against any obligation due any Asbestos Insurer, or against the property of any Asbestos Insurer, with respect to any Asbestos Related Claim; and

<div align="right">(v)</div> taking any act, in any manner, in any place whatsoever, that does not conform to, or comply with, the provisions of the Plan relating to any Asbestos Related Claim.

### b.    Reservations.

The provisions of this Asbestos Insurer Injunction shall not preclude the Trust from pursuing any claim that may exist under any Asbestos Insurance Policy against any Asbestos Insurer.  The provisions of this Asbestos Insurer Injunction shall not impair or affect (i) any Asbestos Insurance Litigation brought by the Trust or the Reorganized Debtor against any Asbestos Insurer, or (ii) any Asbestos Insurance Rights held by the Trust or on behalf of the Reorganized Debtor.  Except for the immediately following two sentences, the provisions of this Asbestos Insurer Injunction are not issued for the benefit of any Asbestos Insurer and no such insurer is a third-party beneficiary of this Asbestos Insurer Injunction.  The Trust shall have the sole and exclusive authority at any time, upon written notice to any affected Asbestos Insurer, to terminate, or reduce or limit the scope of this Asbestos Insurer Injunction with respect to any Asbestos Insurer, provided, however, that the Trust may not permit the assertion of any Asbestos Related Claim by an Asbestos Claimant against a Non-Settling Asbestos Insurer unless and until such Asbestos Claimant agrees in writing to be bound by the proviso in the next-to-last sentence of Section 5.1.6 of the Plan, and provided further that, in the event an Asbestos Related Claim results in a claim based on contribution, subrogation or indemnity in favor of a Non-Settling Asbestos Insurer against a Settling Asbestos Insurer to share in the costs of resolving or satisfying such an Asbestos Related Claim (including, without limitation, attorneys' fees and expenses incurred in defense of such Asbestos Related Claim) (a "Contribution Claim") that

<div style="writing-mode: vertical-rl">PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , CALIFORNIA</div>

1   such Non-Settling Asbestos Insurer is unable to fully satisfy by the judgment reduction provided by

2   Section 5.1.6 of the Plan, such Non-Settling Asbestos Insurer may bring an action to recover the

3   unsatisfied portion of such Contribution Claim against the Trust in any non-bankruptcy forum of

4   competent jurisdiction notwithstanding any of the injunctions contained in the Plan, and the Trust

5   shall be obligated to pay the full unsatisfied amount of any such Contribution Claim to the extent

6   determined to be valid by such nonbankruptcy forum (including any appeals therefrom).  For the

7   avoidance of doubt, the provisions of this Asbestos Insurer Injunction shall not impair or affect any

8   Claims between or among Non-Settling Asbestos Insurers. Notwithstanding any provision of the

9   Plan to the contrary, including the Asbestos Insurer Injunction set forth in this paragraph 11, no new

10  equitable contribution rights are created in favor of the Non-Settling Asbestos Insurers but instead

11  the two preceding sentences allocate who is responsible, if anybody, for such equitable contribution

12  claims that can be established by Non-Settling Asbestos Insurers against Settling Asbestos Insurers

13  pursuant to existing law.

14              **12.        Resumption of Coverage Litigation in State Court.**

15              Upon the Effective Date, (a) any injunction that stays the prosecution of the Coverage

16  Litigation shall be deemed dissolved, without any further action of the Bankruptcy Court, (b) the

17  Injunction Action shall be dismissed without prejudice, and Proponents shall lodge an order of

18  dismissal without prejudice, which the Bankruptcy Court shall sign, and (c) the parties to the

19  Coverage Litigation shall resume the prosecution and defense of such litigation in the State Court, at

20  such times and according to the procedures that may be established by such court.  Nothing in this

21  paragraph shall be deemed to limit the ability of the Bankruptcy Court, on motion by a party or on its

22  own motion, to dissolve, terminate, annul, or decline to extend any such injunction before the

23  Effective Date.

24              **13.        Plan Is Insurance Neutral.**

25              All Asbestos Insurance Defenses shall be adjudicated in the Asbestos Insurance Litigation.

26  No provision of the Plan, the Findings and Conclusions or this Order shall diminish or impair the

27  right of any Asbestos Insurer, in any Asbestos Insurance Litigation or otherwise, to assert any

28  Asbestos Insurance Defense, and all of such defenses shall be preserved in all respects.  **As set forth**

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
SAN FRANCISCO , CALIFORNIA

1   **in Section 1.12 of the Plan, notwithstanding anything in the Plan to the contrary, Fireman's**

2   **Fund and Continental shall have the right to contest and defend any claim authorized by**

3   **Section 1.16(g) of the Plan that the Wellington Settlement, the Wellington Ruling or the**

4   **Wellington Agreements are unenforceable or should be set aside under applicable law or in**

5   **equity, but shall not have the right to assert that the transfer of such claims, if any, to the Trust**

6   **pursuant to the Plan violated the Wellington Settlement, the Wellington Ruling or the**

7   **Wellington Agreements.**

8       Any evidence adduced as part of the Confirmation Hearing with respect to the Asbestos

9   Related Claims, and any findings of the court related to that evidence, shall be solely for the purpose

10  of establishing the requirements of Sections 524(g) and 1129 of the Bankruptcy Code in connection

11  with Confirmation and shall not (a) bind any Asbestos Insurer in any Asbestos Insurance Litigation,

12  or (b) limit the right of any Asbestos Insurer to assert any Asbestos Insurance Defense.  Neither the

13  assumption by the Trust of the Asbestos Related Claims, nor the fact that it is the Trust, and not the

14  Debtors, that is liquidating, resolving, paying and satisfying all Asbestos Related Claims in

15  accordance with the TDP, shall be construed in any way to diminish any obligation of any Asbestos

16  Insurer under any Asbestos Insurance Policy to any of the Debtors or the Trust, subject to any

17  applicable Asbestos Insurance Settlement or Asbestos Insurance Defense.  The duties and

18  obligations, if any, of each Asbestos Insurer under such insurer's Asbestos Insurance Policies shall

19  not be impaired, altered, reduced or diminished by the:  (1) discharge granted to the Debtors under

20  the Plan pursuant to Section 1141(d) of the Bankruptcy Code, (2) exonerations and releases

21  contained in Section 8.7 of the Plan, (3) Injunctions granted under the Plan pursuant to Section

22  524(g) of the Bankruptcy Code, or (4) termination of the protections afforded under the Asbestos

23  Insurer Injunction in accordance with its terms as set forth on **Exhibit C** to the Plan.  This paragraph

24  12 shall not, however,  affect or limit, or be construed as affecting or limiting, (i) the binding effect

25  of the Plan, this Order and the Injunctions on the Debtors, the Reorganized Debtor, the Trust or the

26  beneficiaries of the Trust; (ii) the protections afforded to entities addressed by the Injunctions, or (iii)

27  the binding effect of the Findings and Conclusions, specifically including the determination that the

28  vesting of the Asbestos Insurance Rights in and for the benefit of the Trust pursuant to Section 5.4.1

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , CALIFORNIA

of the Plan is valid and enforceable and otherwise does not breach the terms of any Asbestos

Insurance Policy, Asbestos Insurance Settlement, or any other agreement with any Asbestos Insurer.

### 14.    Assumption Approved.

As of the Effective Date, the assumption by Thorpe and Pacific, as the case may be, pursuant

to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the executory contracts and unexpired

leases identified pursuant to Section 6.1 of the Plan, is approved and authorized.  The Debtors have

not identified any executory contracts and unexpired leases for rejection pursuant to Section 6.2 of

the Plan.

### 15.    Post-Confirmation Bar Dates.

The following deadlines are hereby fixed for the actions described below.  Any holder of a

Claim of a kind described in this paragraph, for which a proof of Claim, motion or application (as

the case may be) is not filed on or before the applicable date set forth below, shall not participate in

any distribution under the Plan and shall be forever barred from asserting such Claim against the

Reorganized Debtor, the Debtors, and any property of the Debtors.

### a.    Administrative Claim Bar Date.

Any entity asserting an Administrative Claim against any of the Debtors must file a request

for payment pursuant Section 503(a) of the Bankruptcy Code on or before **60 days after service of a**

**notice of administrative bar date**, or be forever barred from asserting an Administrative Claim

against the Debtors or any property of the Debtors and from sharing in any distributions under the

Plan.

### b.    Professional Fees Bar Date.

Any Professional asserting a claim for compensation for services rendered and

reimbursement for expenses submitted in accordance with Sections 330, 331 or 503(b) of the

Bankruptcy Code must file its application for allowance of compensation for services rendered and

reimbursement of expenses incurred through the Effective Date of the Plan on or before **60 days**

**after the Effective Date of the Plan**, or be forever barred from asserting a claim for Professional

Fees against the Debtors or any property of the Debtors and from sharing in any distributions under

the Plan.

Pachulski  Stang  Ziehl  &  Jones  LLP
Attorneys  at  Law
San Francisco , California

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
SAN FRANCISCO , CALIFORNIA

### c.    Post Effective Date Notices.

Following the Effective Date, notices will only be served on the Reorganized Debtor, the Office of the United States Trustee and those Persons who file with the Court and serve upon the Reorganized Debtor on or before [Date], a request, which includes such Person's name, contact person, address, telephone number and facsimile number, that such Person receive notice of post-Effective Date matters.  Persons who had previously filed with the Court requests for special notice of the proceedings and other filings in the Chapter 11 Cases will not receive notice of post-Confirmation matters unless **and until** such Persons file a new request, in accordance with Section 11.10.2 of the Plan, on or before [Date].

### 16.    Entry of Confirmation Order and Notice of Effective Date.

As soon as practicable after the Confirmation Date, the Reorganized Debtor shall file and mail the notice of entry of the Confirmation Order to all parties entitled to notice pursuant to Bankruptcy Rules 2002(f) and 3020(c).  The notice shall further identify the Effective Date and shall set forth the Injunctions and any deadlines that may be established under the Plan or the Confirmation Order

### 17.    Retention of Jurisdiction.

This Court shall retain jurisdiction over the Chapter 11 Cases and all matters arising out of or related to the Chapter 11 Cases to the fullest extent permissible under (i) Section 105(a) of the Bankruptcy Code, (ii) Bankruptcy Rule 3020(d), and (iii) Article 9 of the Plan, and as otherwise necessary or useful to aid in the confirmation and consummation of the Plan.

### 18.    United States Trustee Fees and Reports.

All fees payable under 28 U.S.C. § 1930(a)(6) shall be paid by the Debtors in the amounts and at the times such fees may become due up to and including the Effective Date.  Thereafter, the Reorganized Debtor shall pay all fees payable under 28 U.S.C. § 1930(a)(6) until the Chapter 11 Cases are closed, dismissed or converted.  Upon the Effective Date, the Reorganized Debtor shall be relieved from the duty to make the reports and summaries required under Bankruptcy Rule 2015(a). Notwithstanding the foregoing, the Reorganized Debtor shall file and serve the status reports required by Local Bankruptcy Rule 3020-1(b) commencing after the first full calendar quarter

1  following the Effective Date.  The status report shall be made, and the fees shall be payable, on a

2  consolidated basis by the Reorganized Debtor.

3  **19.    Construction of Order.**

4          The failure to reference a particular provision of the Plan in this Order shall not affect the

5  validity or enforceability of such provision.  Each provision of the Plan shall be deemed authorized

6  and approved by this Order, whether or not mentioned in this Order.

7  **20.    Role of Committee.**

8          On the Effective Date, the Committee shall be dissolved and the members of the Committee

9  shall be released and discharged from any further authority, duties, responsibilities, liabilities and

10  obligations related to, or arising from, the Chapter 11 Cases, except that the Committee shall

11  continue in existence for the purposes, and shall remain authorized and empowered to take any

12  actions, set forth in Section 5.8.4 of the Plan.

13  **21.    Disbursing Agent.**

14          The Reorganized Debtor will act as Disbursing Agent under the Plan.

15  **22.    Trust Appointed As Estate Representative.**

16          The Trust is appointed as the representative of the Debtors under Section 1123(b)(3)(B) of

17  the Bankruptcy Code to enforce, manage, settle, transfer or otherwise dispose of all Asbestos

18  Insurance Litigation including, without limitation, the Coverage Litigation, at its sole direction and

19  expense.  The Trust shall be permitted, if necessary or appropriate, to substitute as the real party in

20  interest for the Debtors in the Coverage Litigation.  All Proceeds of any Asbestos Insurance

21  Litigation shall be paid to the Trust or to the Reorganized Debtor for remittance to the Trust

22  consistent with the Plan.  The Reorganized Debtor shall assist and cooperate with the Trust in the

23  prosecution of the Asbestos Insurance Litigation.

24  **23.    Reorganized Debtor Appointed As Estate Representative.**

25          The Reorganized Debtor is appointed as the representative of Pacific under Section

26  1123(b)(3) of the Bankruptcy Code to carry out the Plan.  The Reorganized Debtor shall be

27  authorized to: (i) make all Distributions required to be made on or after the Effective Date to the

28  holders of Allowed Claims against Pacific in the amounts, at the times and according to the

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
SAN FRANCISCO , CALIFORNIA

1  treatment provisions of this Plan; (ii) settle, resolve and object to Disputed Claims against Pacific;

2  (iii) pay all fees payable by Pacific under 28 U.S.C. § 1930; (iv) file any post-confirmation reports

3  on behalf of Pacific required by the Bankruptcy Code or the Bankruptcy Court; and (vii) close

4  Pacific's Chapter 11 Case.

5              **24.       Post-Confirmation Reporting and Status Conference.**

6              **Not later than May 20, 2010,** Reorganized Debtor will file a status report explaining what

7  progress has been made toward consummation of the Plan.  The initial report shall be served on the

8  Office of the United States Trustee, the Committee, and the Futures Representative (provided such

9  entities are still in existence at such time), and those parties who have requested special notice.  A

10 post-confirmation status conference will be held on **June 3, 2010 at 10:00 a.m.** in Courtroom 1475

11 at which time, among other things, the Court shall determine what additional reports, if any, shall be

12 filed either by the Trust or the Reorganized Debtor with respect to the status and consummation of

13 the Plan.

14

15 Submitted by:

16 PACHULSKI STANG ZIEHL & JONES LLP

17 By    _/s/ Jeremy V. Richards_
         Jeremy V. Richards
18       Attorneys for Thorpe Insulation Company,
         Debtor and Debtor in Possession
19

20                                    ####

21

22

23

24

25

26

27 DATED: February 1, 2010        _____
                                   United States Bankruptcy Judge
28

PACHULSKI  STANG ZIEHL & JONES LLP
ATTORNEYS · AT LAW
SAN FRANCISCO , CALIFORNIA

| In re:<br>Thorpe Insulation Company,<br><div align="right">Debtor(s).</div> | CHAPTER 11<br><br>CASE NUMBER: 2:09-bk-19271-BB |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**10100 Santa Monica Boulevard, 11th Floor, Los Angeles, California  90067**

A true and correct copy of the foregoing document described ***ORDER CONFIRMING FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF THORPE INSULATION COMPANY AND PACIFIC INSULATION COMPANY*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **December 28, 2009,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 28, 2009** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Via Personal Delivery
Honorable Sheri Bluebond
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1482
Los Angeles, CA 90012

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| December 28, 2009 | Sophia L. Lee | /s/ Sophia L. Lee |
| --- | --- | --- |
| Date | Type Name | Signature |

| In re:<br>Thorpe Insulation Company,<br><br>Debtor(s). | CHAPTER  11<br><br>CASE NUMBER:  2:09-bk-19271-BB |

### NOTE TO USERS OF THIS FORM:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.

**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.

**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.

**4) Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) ***ORDER CONFIRMING FIFTH AMENDED JOINT PLAN OF REORGANIZATION OF THORPE INSULATION COMPANY AND PACIFIC INSULATION COMPANY*** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **December 28, 2009**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

&boxtimes;  Service information continued on attached page

**II.  <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐  Service information continued on attached page

| In re:<br>Thorpe Insulation Company,<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER: 2:09-bk-19271-BB |
|---|---|

**2:07-bk-19271-BB Notice will be electronically mailed to:**

Lawrence Bass on behalf of Creditor Johns Manville
lawrence.bass@hro.com, kris.lundstrom@hro.com

Peter Benvenutti on behalf of Creditor Committee Caplin & Drysdale
pjbenvenutti@jonesday.com, bstone@jonesday.com;gmoody@jonesday.com;pvnl@capdale.com

Peter Benvenutti on behalf of Creditor Committee Heller Ehrman LLP
peter.benvenutti@hellerehrman.com, bstone@jonesday.com;gmoody@jonesday.com;pvnl@capdale.com

Steven H Bergman on behalf of Creditor Central National Insurance Company of Omaha
sbergman@omm.com

Brad Berish on behalf of Defendant Maine Bonding Insurance Company, solely as successor-in-interest to
Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company
bberish@ag-ltd.com

Christopher Celentino on behalf of Creditor Transport Insurance Co
ccelentino@duanemorris.com

Louis J Cisz on behalf of Creditor Maine Bonding Insurance Co.
lcisz@nixonpeabody.com

Jeffrey V Commisso on behalf of Creditor Owens-Illinois, Inc.
jcommisso@schiffhardin.com

Michaeline H Correa on behalf of Creditor Committee Heller Ehrman LLP
mcorrea@jonesday.com

Leslie Epley Davis on behalf of Creditor CHICAGO INSURANCE COMPANY
ldavis@crowell.com

Richard W Esterkin on behalf of Debtor Thorpe Insulation Company
resterkin@morganlewis.com

Gary S Fergus on behalf of Interested Party Courtesy NEF
gfergus@ferguslegal.com

David Guess on behalf of Debtor Thorpe Insulation Company
dguess@ktbslaw.com

Taline M Gulesserian on behalf of Creditor Argonaut Insurance Company
gulesserian@litchfieldcavo.com

Adam C Hackett on behalf of Defendant Maine Bonding Insurance Company, solely as successor-in-interest to
Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company
ahackett@tsmp.com

Geoffrey A Heaton on behalf of Creditor Transport Insurance Company
gheaton@duanemorris.com

Matthew Heyn on behalf of Debtor Thorpe Insulation Company
mheyn@ktbslaw.com

Harry D. Hochman on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
hhochman@pszjlaw.com, hhochman@pszjlaw.com

Leslie R Horowitz on behalf of Attorney John Lapinski
lhorowitz@clarktrev.com

James K T Hunter on behalf of Debtor Thorpe Insulation Company
jhunter@pszyjw.com

Stephen M Judson on behalf of Creditor BERRY & BERRY
sjudson@fablaw.com

Jeff D Kahane on behalf of Creditor American Centennial Insurance Company
jkahane@duanemorris.com

John A Lapinski on behalf of Accountant Moore Stephens Wurth Frazer & Torbert, LLP
jlapinski@clarktrev.com

Katherine Lien on behalf of Creditor Argonaut Insurance Company
katie.lien@sbcglobal.net, katielien@gmail.com

Craig G Margulies on behalf of Creditor Argo Group US
cmargulies@lm-lawyers.com

Scotta E McFarland on behalf of Attorney Pachulski Stang Ziehl & Jones LLP
smcfarland@pszjlaw.com, smcfarland@pszjlaw.com

David W. Meadows on behalf of Creditor Kay Clemmer
david@davidwmeadowslaw.com

James S Monroe on behalf of Creditor Maine Bonding and Casualty Co
jmonroe@nixonpeabody.com

Linda Bondi Morrison on behalf of Defendant Maine Bonding Insurance
lmorrison@tsmp.com

Aron M Oliner on behalf of Defendant Transport Insurance Company
roliner@duanemorris.com

Malhar S Pagay on behalf of Debtor Thorpe Insulation Company
mpagay@pszjlaw.com, mpagay@pszjlaw.com

Lawrence Peitzman on behalf of Defendant Farwest Insulation Contracting
lpeitzman@pwkllp.com

Robert J Pfister on behalf of Creditor Employers Reinsurance Corp
rpfister@stblaw.com, llee@stblaw.com

Mark D Plevin on behalf of Creditor Argonaut International Insurance Company
mplevin@crowell.com

Richard F Rescho on behalf of Interested Party Christopher Grell
kjauyoung@yahoo.com

Jeremy V Richards on behalf of Debtor Thorpe Insulation Company
jrichards@pszjlaw.com, bdassa@pszjlaw.com

Karen Rinehart on behalf of Creditor Central National Insurance Company of Omaha
krinehart@omm.com

Nathan Q Rugg on behalf of Interested Party Maine Bonding Insurance Company, solely as successor-in-interest to Northbrook Excess & Surplus Insurance Company, formerly known as Northbrook Insurance Company
nrugg@ag-ltd.com

Abby Schwartz on behalf of Creditor California Union Insurance Company
aschwartz@omm.com

Janet A Shapiro on behalf of Defendant General Insurance Company of America
shapirofirm@aol.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Phillip K Wang on behalf of Creditor Insurance Company of the State of Pennsylvania
pwang@duanemorris.com

Kimberly S Winick on behalf of Interested Party Pacific Insulation Company
kwinick@clarktrev.com

David M Wiseblood on behalf of Creditor Continental Insurance Company as successor in interest to certain policies issued by Harbor Insurance Company and Transcontinental Insurance Company
dwiseblood@seyfarth.com